517 A.2d 944

Cynthia D. WILSON, Administratrix of the Estate of Keith L. Wilson, deceased and all others similarly situated, Plaintiff/Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant/Appellant,

and

Richard A. Neyhard, Individually and as Administrator of the Estate of Christopher K. Neyhard, deceased, and all others similarly situated, Intervenor-Objector/Appellee.

Supreme Court of Pennsylvania.

Argued May 15, 1986.

Decided Nov. 17, 1986.

James J. McCabe, Philadelphia, Robert E. Kelly, Jr., Harrisburg, for defendant/appellant.

Morris M. Shuster, William D. Marvin, Philadelphia, for intervenor-objector/appellee Richard A. Neyhard.

Neil J. Rovner, Harrisburg, for plaintiff/appellee Cynthia D. Wilson.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

Appellant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), appeals the order of the Superior Court reversing the order of the Court of Common Pleas of Dauphin County which denied Richard A. Neyhard's (hereinafter "Neyhard") Petition to Intervene.

The relevant facts are as follows. On November 14, 1978, Cynthia Wilson, as administratrix of the estate of Keith Wilson, her deceased husband, [hereinafter "Wilson"] instituted an action against State Farm Mutual Insurance Company for recovery of post-mortem work loss benefits due from State Farm in the event of a motor vehicle accident. These benefits were sought pursuant to the

Pennsylvania No-Fault Motor Vehicle Insurance Act.[1] Thereafter, on November 3, 1980, Wilson filed a class action complaint on behalf of herself and all previously employed Pennsylvania residents, insured by State Farm, who sustained fatal injuries in motor vehicle accidents within two (2) years before her husband's death. On July 21, 1981, the trial court certified by order two (2) sub-classes defined as follows:

1) Where the decedent is survived solely by a spouse; a spouse and minors; or solely minors.

2) Where the decedent is not survived by a spouse or minors, but survived solely by other survivors as delineated in § 103 of the No-Fault Act.[2]

Pursuant to request, State Farm provided Wilson with a list of individuals who may have fallen into the groups as established in the certification order. The list as provided by State Farm included fifty-three (53) individual cases that State Farm did not recognize as dependent nor fit into the two (2) certified groups. Nevertheless, all individuals, including the extra cases, received notice informing them of the pending class action.

Settlement negotiations took place and a Stipulation of Settlement was tentatively agreed to on May 17, 1982. The Superior Court summarized its relevant aspects as follows:

Under the terms of the stipulation of settlement, class one encompassed ninety-six (96) claims in which each class member was admittedly or presumptively dependent upon the decedent and no statute of limitations defense existed; class two encompassed one hundred and thirty-three (133) claims in which dependency was similarly admitted or presumed yet the statute of limitations may

1. Act of July 19, 1974, P.L.489, No. 176 §§ 101 to 701, 40 Pa.S. § 1009.101 *et seq.* (repealed 1984).

2. The relevant part of § 103 reads as follows:
   *Survivor* means
       (A) spouse; or
       (B) child, parent brother or sister or relative dependent upon the deceased for support.
   40 Pa.C.S. § 1009.103.

not have been properly tolled; class three was comprised solely of the fifty-three (53) "nondependent" claims. It was agreed that class one members would receive in settlement the full value of the applicable policy limits plus two years of interest at the statutory rate of 18% per year, totaling an individual estimated payment of $20,-400.00. Class two members would receive one-half of their policy limits plus one and one-half years' interest at the 18% rate, totaling an individual estimated payment of $9,525.00. Class three members would receive individual payments of $6,000.00.

*Wilson v. State Farm Mutual Insurance Co.*, 339 Pa.Super. 576, 581, 489 A.2d 791, 793 (1985).

A Notice of Proposed Settlement was approved by the trial court on May 17, 1982, in accordance with Pa.R.Civ.P. 1714(c).[3] Notice was thereafter sent to every class member.

Prior to the aforementioned events Neyhard filed a separate class action against State Farm in Philadelphia County on March 4, 1981. Neyhard is the father and administrator of the estate of Christopher Neyhard, an employed man who, after a fatal automobile accident, left no dependent survivors. The *Neyhard* suit, similar to the instant proceedings, involved the "recovery of post-mortem work loss benefits for all estates and/or survivors of decedents killed in motor vehicle accidents and insured by State Farm."[4] *Id.*

A public hearing on the proposed settlement in the *Wilson* case was conducted on June 9, 1982. At the hearing Neyhard presented a petition to intervene, as well as objec-

---

**3.** Pa.R.Civ.P. 1714(c) provides:
    (c) If an action has been certified as a class action, notice of the proposed compromise, settlement or discontinuance shall be given to all members of the class in such manner as the court may direct. Pa.R.C.P. 1714(c).

**4.** On March 26, 1986, subsequent to the Superior Court's ruling in the instant matter, the Court of Common Pleas of Philadelphia County granted State Farm's motion for summary judgment due to the fact that Neyhard's *individual claim* was barred by the statute of limitations. The significance of this ruling will be addressed in conjunction with our discussion of the Superior Court's holding in the instant case.

tions to the proposed settlement of group three claims. The trial court denied the petition and dismissed the objections. On June 10, 1982, the court entered orders approving the overall settlement. The court then, however, severed group three from the others for separate disposition due to the possibility of Neyhard's appeal on the intervention question. On appeal the Superior Court reversed, thereby ordering intervention. From that order State Farm sought allowance to appeal, which we granted. We now reverse.

The fundamental issue raised in this appeal is whether the trial court abused its discretion in refusing to allow Mr. Neyhard's intervention. An answer to this issue is necessarily dependent upon the facts and circumstances underlying the trial court's decision.

In denying Neyhard's petition to intervene the trial court primarily focused on two factors: first, at the time of the hearing in the *Wilson* matter Neyard's class action complaint had yet to be acted upon by the Court of Common Pleas of Philadelphia; and second, Neyhard's class had not been certified as of that date. The court also emphasized that the adequacy of group three's representation negated any need for Neyhard to intervene on its behalf. Furthermore, the court rejected Neyhard's objections to the settlement, noting that since his name was not among the group three members for whom the court had approved settlement he had no standing.

In reversing the trial court's decision the Superior Court agreed with Neyhard that "having commenced a separate action on behalf of himself and a class of individuals allegedly inclusive of class three members in the *Wilson* action, he, as their representative, possesses a legally enforceable interest compelling his intervention." *Wilson v. State Farm Mutual Insurance Co.*, 339 Pa.Super. 576, 583–84, 489 A.2d 791, 795 (1985). *See,* Pa.R.Civ.P. 2327(4)[5] More-

5. Although Neyhard appealed both the trial court's denial of the petition to intervene, and the dismissal of his objections to the proposed settlement, the Superior Court found that Neyhard was without standing to raise the objections and the lower court improperly

over, in dismissing State Farm's contention that group three's interests were already adequately represented, the Superior Court cited the trial court's original class certification hearing in 1981,[6] wherein the trial court refused to certify group three.[7]

A sole dissenter to the Superior Court's opinion agreed "that Neyhard's class representative status would give him *standing* to petition for intervention in the instant action, [however he did] not believe that such status *per se* gives him a 'legally enforceable interest' in the instant class action absent a showing that subclass three is not being adequately represented by the class representative in the instant case." *Id.*, 339 Pa.Superior Ct. at 586, 489 A.2d at 796 (Del Sole, J. dissenting).

In its appeal before us State Farm initially contends that Neyhard lacked standing to intervene in the *Wilson* matter. This contention is premised upon the ruling by the Court of Common Pleas of Philadelphia, *supra,* fn. 4, that Neyhard lacked standing because his individual claim was barred by the statute of limitations. This fact is certainly important since the Superior Court relied on Neyhard's representative status in the Philadelphia action in finding a "legally enforceable interest" in the present action. *See* Pa.R.Civ.P. 2327(4). Obviously, by employing that rationale, Neyhard's elimination from his action in Philadelphia[8] would significantly diminish his standing in the instant matter. However, for present purposes we will not rely upon this standing issue as dispositive, since we find the more germane issue to be whether, on the merits, the trial court erred in denying Mr. Neyhard's petition to intervene.

entertained and ruled upon them. Because of this only the issue of intervention was addressed by the Superior Court on appeal.

6. *See Wilson v. State Farm Mutual Insurance Co.,* 103 Dauph. 25 (1981).

7. At that time the trial court denied certification because it was uncertain whether Wilson truly represented the interests of the "other" survivors.

8. This ruling is presently on appeal to the Superior Court.

■ It is well established that a "question of intervention is a matter within the sound discretion of the court below and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review." *Darlington v. Reilly*, 363 Pa. 72, 76, 69 A.2d 84, 86 (1949). *See Also Jackson v. Hendrick*, 498 Pa. 270, 446 A.2d 226 (1982); *Templeton Appeal*, 399 Pa. 10, 159 A.2d 725 (1960).

In ruling upon a petition to intervene a court must consider the factors as set out in Pa.R.Civ.P. 2327.

Rule 2327. Who May Intervene

At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

(1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

(3) such person could have joined as an original party in the action or could have been joined therein; or

(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.

Pa.R.Civ.P. 2327.

Mr. Neyhard's basis of intervention was grounded upon subsection four (4) of Rule 2327: he alleged that the determination of the Harrisburg action would affect a legally enforceable interest of his. However, even assuming the truth of this allegation, a mere prima facia basis for intervention is not enough. The rules specifically provide that a petition for intervention can be denied if the interest of the petitioner is already adequately represented. Pa.R.Civ.P. 2329(2).[9] Since Neyhard's personal interests, to the extent

9. Rule 2329. Action of Court on Petition

Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the

that he had any, were represented in his Philadelphia action the only issue was whether the interests of group three, in which Mr. Neyhard may have had some derivative interest, were adequately represented in the Harrisburg action. In finding the latter to be true, the trial court reasoned as follows:

At the time of the proposed settlement in this case, there were serious doubts as to whether these class members would be entitled to any recovery whatsoever. On this basis, plaintiffs and defendant negotiated a settlement which provided for recovery for these members in a reduced amount taking into account the potentially speculative nature of their classes. In determining whether to approve the proposed settlement, this Court was mindful of the twin duties imposed upon it to determine whether this settlement falls within the "range of reasonableness" to be expected in cases like this which is to be determined by the examination of whether or not the proposed settlement secures an adequate advantage for the class in return for the surrender of the members' litigation rights.

The Court is also mindful of the fact that it is not to substitute its business judgment for that of the proponents or attempt to resolve unsettled issues of law.

Where competent counsel and defendant have arrived at a settlement of a vigorously disputed matter, the Court need not inquire as to whether the best possible recovery has been achieved but whether, in view of the stage of the proceedings, complexity, expense and likely duration of further litigation, as well as the risks of litigation, the settlement is reasonable.

*Wilson v. State Farm Mutual*, 103 Dauph. 407, 408–09 (1982).

petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if

. . . .

(2) the interest of the petitioner is already adequately represented; Pa.R.Civ.P. 2329(2).

In reviewing the lower court's action in this matter we bear in mind that in order to certify a class the trial court was first required to examine the adequacy of the representation. Pa.R.Civ.P. 1709.[10] Furthermore, once a settlement had been proposed affecting the interests of the class the court had an affirmative duty to ensure that the settlement was in the best interests of the parties involved. See Pa.R.Civ.P. 1714(a).[11] There is no dispute that the trial court adequately conducted both these inquiries.[12]

■ Therefore, since the trial court determined that Mr. Neyhard's personal interest would not be adversely affected by the proposed settlement, its decision to refuse intervention on the basis that it was not necessary to protect the

10. Rule 1709. Criteria for Certification. Determination of Fair and Adequate Representation
   In determining whether the representative parties will fairly and adequately assert and protect the interests of the class, the court shall consider among other matters
   (1) whether the attorney for the representative parties will adequately represent the interests of the class,
   (2) whether the representative parties have a conflict of interest in the maintenance of the class action, and
   (3) whether the representative parties have or can acquire adequate financial resources to assure that the interests of the class will not be harmed.
   Pa.R.Civ.P. 1709.

11. In rejecting Neyhard's contention that he should be permitted to guard the interests of a class similarly situated to himself, the court emphasized that he "would be free to represent any persons not included in that class if and when certification of his claim is achieved in the [Philadelphia Court]." *Wilson v. State Farm Mutual,* 103 Dauph. 407, 409 (1982).

12. A single individual from group three has filed an amicus brief in support of Neyhard's position. In it she contends that she was misinformed as to the settlement before the trial court and now seeks retribution through the respresentation of Neyhard. In reviewing the denial of Neyhard's intervention into the Harrisburg suit, our focus is on the state of the record as it existed at the time the trial judge was asked to rule on Neyhard's petition. There is no evidence that at that time any of group three's members were registering complaints. To the contrary, the individual who now complains had executed a release with respect to the group three settlement. Her present allegation that she was misinformed is irrelevant to the issue before us in the instant matter: whether the trial court abused its discretion in denying Neyhard's petition to intervene.

interests of group three was merely consistent with prior rulings on this issue; and it was certainly not an abuse of discretion.

Consequently, the order of the Superior Court is reversed.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the Order of the Superior Court is reversed.