558 A.2d 616

**Joan MACK et al.**

**v.**

**ZONING HEARING BOARD OF PLAINFIELD TOWNSHIP
and Grand Central Sanitary Landfill, Inc.**

**Appeal of PLAINFIELD TOWNSHIP, Appellant.**

**Joan MACK et al., Appellants,**

**v.**

**ZONING HEARING BOARD OF PLAINFIELD TOWNSHIP
and Grand Central Sanitary Landfill, Inc., Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 3, 1989.

Decided May 17, 1989.

William H. Agnew, Nazareth, for appellants, Joan Mack, et al.

Alan B. McFall, John Molnar, Cassebaum, McFall & Molnar P.C., Bangor, Robert J. Sugarman, Sugarman & Cohen, Philadelphia, for appellees, Plainfield Tp.

Gary S. Figore, for appellee, Easton, for Zoning Bd.

Leonard N. Zito, Anthony J. Martino, Bangor, for appellee, Grand Cent. Sanitary Landfill, Inc.

Before McGINLEY and SMITH (P.), JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Consolidated for our review are two appeals by Plainfield Township (Township) and certain private citizens (Citizens).[1] The Township is appealing the trial court's denial of its application to intervene in an appeal taken by Citizens from the decision of the Township's Zoning Hearing Board (Board) granting a special exception to Grand Central Sanitary Landfill, Inc. (Grand Central). The second appeal is by

1. Citizens includes Joan Mack, Florence Schlegel, Charles E. Hughes, William H. Reesman, Barbara Rampulla, Anita Bray and an organization known as "Save Our Local Environment".

Citizens from the trial court's decision affirming the Board's grant of a special exception to Grand Central. For the reasons set forth herein, we affirm.

On or about October 31, 1986, Grand Central filed an application for a special exception seeking to expand its solid waste disposal area. The property for which the expansion is sought is located in a farm and forest district. The Township did not enter an appearance or participate in the Board hearing.

On January 23, 1987, the Board issued a decision granting a special exception to Grand Central. Certain citizens [2] thereafter appealed the Board's decision contending that the Board failed to render its decision at a public meeting as required by the Plainfield Township Zoning Ordinance (Ordinance) and the Sunshine Act.[3] On June 17, 1987, pursuant to stipulation and agreement of the parties, the trial court issued an order remanding the matter to the Board for the purpose of rendering a decision at a public meeting.

On July 30, 1987, the Board issued its second decision granting Grand Central's application for special exception. A timely appeal by Citizens was taken to the trial court and argument on the matter was subsequently set for February 2, 1988. On January 8, 1988, the Township filed an application to intervene, a petition to remand to the Board and a petition to submit additional testimony to the trial court. It was the Township's position that the property in question was not properly posted as required by Section 908 of the Pennsylvania Municipalities Planning Code (MPC), *as amended,* 53 P.S. § 10908. On January 22, 1988, after a hearing, the trial court denied the Township's motions but permitted the Township to file a brief as a friend of the court. On February 2, 1988, the trial court, after a hearing, affirmed the Board's grant of special exception.

2. These initial appellants with the exception of Joan Mack are not parties to the instant litigation.

3. Act of July 3, 1986, P.L. 388, *as amended,* 65 P.S. §§ 271–286.

Thus, on appeal it is Appellants'[4] position that the trial court erred in denying the Township's application to intervene and in affirming the Board's grant of a special exception to Grand Central for a solid waste disposal area. Grand Central counters that the January 22 and February 2 orders of the trial court were proper and that Appellants have improperly attempted to supplement the record with documents which are not part of the original record.

The first issue we must address is whether the trial court properly denied the Township's petition to intervene. If permitted to intervene, the Township would present evidence in support of its position that the property in question was not properly posted as required by Section 908 of the MPC.

■ Questions of intervention are within the discretionary domain of the trial court. *Wilson v. State Farm Mutual Automobile Insurance Co.*, 512 Pa. 486, 517 A.2d 944 (1986); *Jackson v. Hendrick*, 498 Pa. 270, 446 A.2d 226 (1982); *Acorn Development Corp. v. Zoning Hearing Board of Upper Merion Township*, 105 Pa.Commonwealth Ct. 138, 523 A.2d 436 (1987); *petition for allowance of appeal denied* 517 Pa. 632, 539 A.2d 813 (1988). Our limited role on review is to determine whether the trial court committed a manifest abuse of discretion or an error of law. *Wilson; Acorn Development Corp.*

■ A municipality is not automatically a party in an appeal from a zoning hearing board decision, despite the fact it may have been a participating party before the zoning hearing board. *Acorn Development Corp.* However, pursuant to Section 1009 of the MPC,[5] a municipality may intervene as of course within thirty days following the filing of a zoning appeal. *Acorn Development Corp.* A request to intervene filed beyond the thirty day period is

4. The Township and Citizens will hereinafter be collectively referred to as Appellants.

5. 53 P.S. § 11009.

governed by Pa.R.C.P. No. 2327. Section 1009 of the MPC; *Acorn Development Corp.*

Our Supreme Court stated in *Wilson*, 512 Pa. at 492, 517 A.2d at 947 that "even assuming the truth of this allegation [of a legally enforceable interest], a mere prima facie basis for intervention is not enough" because pursuant to Pa.R. C.P. No. 2329(2), an application for intervention may be denied if "the interest of the petitioner is already adequately represented". The rules of civil procedure further provide that an application for intervention may be denied if "the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties". Pa.R.C.P. No. 2329(3).

■ The trial court denied the petition to intervene herein reasoning that the Township's motions were untimely and that certain and further delay would result if its request were granted. We are mindful that there was a delay of almost one year between the initial decision of the Board and of approximately six months between the second decision of the Board and the Township's application to intervene, and that Appellants offer no excuse for this delay. However, we also find that the Township's interest is already adequately represented by Citizens. Accordingly, the decision of the trial court denying intervention was proper.

■ As to the posting issue raised by the Township, there is no evidence of record before us to indicate that the property in question was not properly posted by the Township's zoning officer. Municipal officers are presumed to act properly in furtherance of public good. *Keystone Sanitation Co., Inc. v. Union Township*, 104 Pa.Commonwealth Ct. 521, 522 A.2d 691 (1987). And, where there is an opportunity to raise an issue or present evidence and a party fails to do so, it has waived that right. *Miller v. Unemployment Compensation Board Case*, 196 Pa.Superior Ct. 393, 175 A.2d 119 (1961). Thus, Appellants, by not raising this issue before the Board, have waived their right

to present evidence regarding the posting of Grand Central's property.

■ We now turn to the argument raised that the trial court erred in affirming the Board's decision granting special exception. In reviewing a zoning hearing board decision, where the trial court has not taken additional evidence beyond that presented to the zoning hearing board, our scope of review is confined to a determination of whether the zoning hearing board committed a manifest abuse of discretion or an error of law. We must conclude that the zoning hearing board abused its discretion only if its findings are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

■ Section 316(e)(48) of the Ordinance sets forth the following requirements which must be met before a special exception for a solid waste disposal area will be granted:

(a) All solid waste shall be at least five hundred (500') feet from any adjoining lot.

(b) All solid waste shall be at least five hundred (500') feet from any public highway, road or street.

(c) The site shall contain one (1) entrance and one (1) exit each of which is not less than thirty (30') feet in width.

(d) Any burning or incineration shall be carried out in a completely enclosed incinerator approved by the D.E.R.

(e) The site shall be selected and designed by a registered professional engineer with proven experience in solid waste disposal planning and operation. The operation and day-to-day maintenance of the solid waste disposal area shall comply with all applicable State and Federal regulations.

The Board found that each of the above conditions were met and after reviewing the record herein, we are satisfied that the Board's decision is supported by substantial evidence.[6] Therefore, we must affirm.

6. An application for special exception must meet the burden of establishing that the proposed use meets the specific requirements of the

■ Lastly, Grand Central asserts that Appellants have improperly attempted to submit an affidavit of the township zoning officer, tax maps and other documents to this Court which are not part of the original record. Appellants counter that this Court should take judicial notice of these documents.

It is well settled that an appellate court may only consider facts which have been duly certified in the record on appeal. *See* Pa.R.A.P. 1921; *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974). Here, when the trial court denied the Township's request for intervention, it also refused to admit as part of the record certain evidence regarding the notice issue. In that we have concluded the trial court's denial of intervention was properly denied, we cannot consider the documents that Appellants now seek to introduce into evidence.[7]

Therefore, for the reasons set forth herein, we will affirm the trial court.

## ORDER

AND NOW, this 17th day of May, 1989, the order of the Court of Common Pleas of Northampton County is hereby affirmed.

local ordinance governing the grant of special exceptions. *Danwell Corp. v. Zoning Hearing Board of Plymouth Township*, 115 Pa.Commonwealth Ct. 174, 540 A.2d 588 (1988).

7. *See Anmuth v. Chagan*, 295 Pa.Superior Ct. 32, 440 A.2d 1208 (1982) *aff'd* 336 Pa.Superior Ct. 216, 485 A.2d 769 (1984) where the Superior Court refused to consider affidavits which the appellants on appeal sought to admit into the record.