575 A.2d 670

John MARKOPOULOS and Christina Markopoulos, his wife and Markop, Inc., Appellants,

v.

The ZONING HEARING BOARD OF THE TOWNSHIP OF LOWER MOUNT BETHEL, and Gerald Prentiss and Arlene Prentiss, his wife, and Gloria Daly, Appellees.

John MARKOPOULOS and Christina Markopoulos, his wife and Markop, Inc., Appellants,

v.

The ZONING HEARING BOARD OF THE TOWNSHIP OF LOWER MOUNT BETHEL, Appellee.

Commonwealth Court of Pennsylvania.

Argued April 3, 1990.

Decided May 22, 1990.

240

Peter C. Layman, with him, John Molnar, Cassebaum, McFall & Molnar, P.C., Bangor, for appellants.

Dwight L. Danser, Easton, with him, E. David Christine, Jr., Christine & Christine, East Stroudsburg, for appellees.

Before DOYLE and PALLADINO, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

John Markopoulos and Christina Markopoulos (Appellants) appeal from two orders of the Court of Common Pleas of Northampton County (trial court), which denied Appellants' appeals from two orders of the Zoning Hearing Board (Board) of Lower Mount Bethel Township (Township). The two orders granted two special exception use permits requested by Gerald Prentiss, Arlene Prentiss and Gloria Daly (Landowners) to operate two bed and breakfasts (B & B) on two adjoining lots. We affirm both of the trial court's orders.

The two lots at issue in this appeal were located in a district zoned for Commercial Uses (CU). The Township Zoning Ordinance (Ordinance) provided that in a CU district the operation of a "hotel/motel with on-lot facilities" was a

special exception use permissible, subject to Board approval.[1]

Landowners filed a request for a special exception use permit to operate a B & B in an existing building with on-lot water and on-lot sewage disposal systems (on-lot systems). Pursuant to the Ordinance, a hearing was held at which Appellants objected to the request. Thereafter, the Board issued a permit for the operation of a hotel/motel.[2] Appellants appealed to the trial court, which, without taking additional testimony, affirmed the issuance of the permit.

Landowners filed a second request for a special exception use permit to operate a second B & B in an existing building with on-lot systems. A hearing was held at which Appellants objected to the request. Thereafter, the Board issued a second permit for the operation of a hotel/motel. Appellants appealed to the trial court, which, without taking additional testimony, affirmed the issuance of the permit.

■■■■ Appellants filed appeals from both orders in this court. We consolidated the appeals for argument.[3]

Appellants raise two issues for our review: (1) whether the Ordinance imposes minimum lot size requirements for a lot on which a B & B is operated; and (2) whether the Board's orders are invalid because they do not contain findings as to storm-water runoff and exterior lighting.

■■■■ Appellants concede that the Ordinance does not expressly provide a minimum lot size requirement for hotel/motel uses with on-lot systems. Appellants state that the Ordinance requires a minimum lot size of 80,000 square feet for hotel/motel uses with centralized water and sewage disposal systems (centralized systems). Appellants argue

1. Section 743.14 of the Ordinance.

2. It is not disputed that a B & B falls within the definition of "motel" under the Ordinance.

3. Our scope of review, where the trial court has not taken additional evidence, is limited to a determination of whether the zoning hearing board committed a manifest abuse of discretion or an error of law. *Mack v. Zoning Hearing Board of Plainfield Township*, 126 Pa. Commonwealth Ct. 80, 558 A.2d 616 (1989). We must conclude that the zoning hearing board abused its discretion only if its findings of fact are not supported by substantial evidence. *Id.*

that because the Ordinance generally requires a larger lot size for uses with on-lot systems than for uses with centralized systems, it is reasonable to infer that Landowners' requests were subject to the 80,000 square feet minimum lot size requirement. It is not disputed that the lots in issue fall far short of 80,000 square feet.

The construction of zoning ordinances is controlled by Section 603.1 of the Pennsylvania Municipalities Planning Code,[4] which provides:

> In interpreting language of zoning ordinances to determine the extent of the restriction upon the use of the property, the language shall be interpreted, where doubt exists as to the intended meaning of the language written and enacted by the governing body, in favor of the property owner and against any implied extension of the restriction.

The Ordinance does not expressly extend the minimum lot size restriction for hotel/motel uses with centralized systems to hotel/motel uses with on-lot systems. This court cannot create the extension of the restriction by implication.

■ As to the second issue, Appellants argue that Landowners had the burden of proving that "adequate provisions will be made for collection and disposal of storm-water runoff from the site"[5] and that exterior "lighting will not shine directly upon any abutting property."[6] Appellants contend that because Landowners failed to produce any evidence as to water runoff and did not present sufficient evidence as to exterior lighting, the Board was unable to make findings of fact as to these issues. Appellants assert that the Board must make findings of fact as to these issues before granting a special exception use permit and that the lack of these findings renders the permits invalid.

---

**4.** Act of July 31, 1968, P.L. 805, *as amended,* added by Section 48 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10603.1. While this section was not in effect at the time the applications for permits were submitted, it is a codification of past judicial interpretations of zoning ordinances and of the legislative intent.

**5.** Ordinance § 982.07.

**6.** Ordinance § 982.06.

The Ordinance requires that the Board determine that adequate provisions will be made for water runoff and exterior lighting. In both orders, the Board imposed two conditions. The first was that before Landowners pave a parking area, drainage and storm-water runoff plans for the parking area must be submitted to and approved by the township engineer. The second condition was that exterior lighting shall not be erected or maintained on the site which casts light on adjoining property. We conclude that by imposing these conditions the Board has sufficiently determined that adequate provisions will be made for runoff and lighting.

Accordingly, we affirm.

## ORDER

(Nos. 2650 C.D. 1988 and 362 C.D. 1989)

AND NOW, May 22, 1990, the orders of the Court of Common Pleas of Northampton County in the above-captioned matter are affirmed.