J-E02005-22

2023 PA Super 14

| | | |
|---|---|---|
| MICHELE LOFTUS AND RICHARD LOFTUS, HER HUSBAND | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KATRINA DECKER | : | |
| | : | No. 611 WDA 2021 |
| | : | |
| APPEAL OF: EASTERN ALLIANCE INSURANCE GROUP | : | |

Appeal from the Order Entered April 23, 2021
In the Court of Common Pleas of Indiana County
Civil Division at No. 11725 CD 2020

BEFORE:  PANELLA, P.J., OLSON, J., DUBOW, J., KUNSELMAN, J., NICHOLS, J., MURRAY, J., McLAUGHLIN, J., McCAFFERY, J., and SULLIVAN, J.

DISSENTING OPINION BY MURRAY, J.:          **FILED: FEBRUARY 1, 2023**

I would conclude the facts alleged in Appellant's petition meet the requirements for a collateral appeal under Pennsylvania Rule of Appellate Procedure 313.  Consequently, I am constrained to dissent.

"In order for this Court to have jurisdiction, an appeal must be from an appealable order." ***Bogdan v. Am. Legion Post 153 Home Ass'n***, 257 A.3d 751, 755 (Pa. Super. 2021) (citation omitted).  The Rules of Appellate Procedure expressly allow for the appeal of collateral orders. ***Id.*** at 755; ***see also*** Pa.R.A.P. 313.

> Section (b) of Rule 313 defines a collateral order as an order (1) separable from and collateral to the main cause of action where (2) the right involved is too important to be denied review and (3) the question presented is such that if review is postponed, until

final judgment in the case, the claim will be irreparably lost. To benefit from the collateral order doctrine, an order must satisfy all three elements. ***Keefer v. Keefer***, … 741 A.2d 808 (Pa. Super. 1999).

***Nemirovsky v. Nemirovsky***, 776 A.2d 988, 991 (Pa. Super. 2001).

The Majority concludes Appellant failed to meet the second and third requirements of a collateral order. Reviewing only the writ of summons, the Majority emphasizes the writ contains no statement of facts, claims, right or prayer for relief. Maj. Op. at 9. According to the Majority, "without a complaint, the record does not contain sufficient information upon which to determine whether Appellant's intervention is proper under the Rules of Civil Procedure." ***Id.*** at 10. The Majority misapprehends the procedural posture of this case.

This appeal arises from the denial of a petition to intervene. Intervention is governed by Pennsylvania Rules of Civil Procedure 2327, 2328, and 2329. Contrary to the Majority's assertion, the focus is not on the writ of summons, but on the petition to intervene.

Rule 2327 provides:

> **At any time during the pendency of an action**, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered[.]

Pa.R.C.P. 2327 (emphasis added). Rule 2329 requires:

> Upon the filing of the petition **and after hearing**, of which due notice shall be given to all parties, the court, **if the allegations of the petition have been established and are found to be sufficient**, shall enter an order allowing intervention; but an application for intervention may be refused if
>
> (1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or
>
> (2) the interest of the petitioner is already adequately represented; or
>
> (3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa.R.C.P. 2329 (emphasis added).

"In ruling on a petition to intervene, the trial court is required to determine whether '**the allegations of the petition have been established**' and, assuming that they have, whether they demonstrate an interest sufficient to justify intervention." **Bogdan**, 257 A.3d at 757 (citation omitted, emphasis added). Thus, the trial court is required to ascertain the facts from the petition through a Rule 2329 hearing.

The facts as alleged by Appellant in the verified petition establish all three requirements for a collateral appeal. First, the denial of intervention to protect Appellant's subrogation rights is separable from resolution of any claim the Loftuses file against the third-party tortfeasor, Katrina Decker. **See**, **e.g.**, **Bogdan**, 257 A.3d at 756 (concluding underwriter's right to intervene was peripheral to a declaratory judgment action that would resolve coverage

- 3 -

issues). The Majority agrees Appellant established the first prong for a collateral order. Maj. Op. at 8.

Second, Appellant averred that its insured, the Loftuses, threatened to abandon their existing action if Appellant did not accept less than its statutory lien. Intervention Petition, 2/25/21, ¶ 21; *see also* Pa.R.C.P. 1007(1) (providing an action may be commenced by a praecipe for a writ of summons). By threatening not to timely file a complaint, the Loftuses sought to coerce Appellant to accept less than its statutory lien. *Id.* ¶ 21.

A workers' compensation carrier's right of subrogation is protected by statute. *See* 77 P.S. § 671 ("Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe[e] ...."). This Court has recognized that the right of a workers' compensation carrier to recover its statutory lien from an award an employee receives in a civil suit, is too important to be denied review. *Gleason v. Alfred I. DuPont Hosp. for Children*, 260 A.3d 256, 261 (Pa. Super. 2021). Similarly, the Loftuses' tactic of coercion to deprive Appellant of its full statutory lien is too important to be denied immediate review. *Id.* I would conclude Appellant met the second requirement for a collateral order.

Third, Appellant establishes that intervention is the sole means to protect Appellant's subrogation rights at this stage in the proceedings. According to Appellant, the Loftuses threatened to abandon their existing

action if Appellant refuses to accept less than its statutory lien.  Intervention Petition, 2/25/21, ¶ 21.  It is undisputed that Appellant cannot enforce its subrogation rights in a separate action against Decker.  ***See Hartford Ins. Grp. ex rel. Chen***, 199 A.3d at 853 ("absent the injured employee's assignment or voluntary participation as a party plaintiff, the insurer may not enforce its Section 319 right to subrogation by filing an action directly against the tortfeasor").  ***See id.***; ***see also Gleason***, 260 A.3d at 261.  Intervention is Appellant's sole means of protecting its statutory subrogation rights.  Because Appellant's intervention petition satisfies the three requirements for a collateral order, I would conclude the appeal is properly before us.  ***See Bogdan***, ***supra***.

Regarding the merits of Appellant's appeal, I would conclude the trial court erred by not adhering to the Rules of Civil Procedure.  Without the hearing required by Rule 2329 and the trial court's issuance of findings, this Court cannot review the propriety of intervention.  Thus, I would conclude the trial court abused its discretion in denying Appellant's intervention petition without conducting a hearing.  ***See*** Pa.R.C.P. 2329; ***see also Bogdan***, 257 A.3d at 757 ("[A] question of intervention is a matter within the sound discretion of the court below, and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review."  (quoting ***Wilson v. State Farm Mut. Auto. Ins. Co.***, 517 A.2d 944, 947 (Pa. 1986) (citations and quotation marks omitted)).  Therefore, I respectfully dissent.