IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Appeal of Juan Levy, | : | |
| Arden Kass, Halee Bouchehrian, | : | |
| Martin Baum, Shani Ferguson, and | : | |
| Lionel Artom-Ginzburg | : | |
| | : | |
| From Decision of | : | No. 628 C.D. 2022 |
| City of Philadelphia Zoning | : | |
| Board of Adjustment | : | |
| | : | |
| Appeal of: Juan Levy, | : | |
| Arden Kass, Halee Bouchehrian, | : | |
| Martin Baum, Shani Ferguson, and | : | |
| Lionel Artom-Ginzburg | : | Submitted: November 7, 2024 |

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                            FILED: December 17, 2024

Currently before this Court is Appellants Juan Levy, Arden Kass, Halee Bouchehrian, Martin Baum, Shani Ferguson, and Lionel Artom-Ginzburg (collectively Appellants) appeal of the Court of Common Pleas of Philadelphia County's (Common Pleas) May 18, 2022 order. Through the challenged order, Common Pleas affirmed the City of Philadelphia Zoning Board of Adjustment's (ZBA) September 8, 2021 decision (Decision) that granted Appellee JSCD 760 S. 18, LLC's (Applicant) dimensional variance application (Application) for a property located at 760 South 18th Street in Philadelphia, Pennsylvania (Property). We affirm.

# I. Background

The Property . . . measures 1,560 square feet, runs through South 18th Street to South Cleveland Street, and lies entirely within a Residential Single-Family Attached-5 or "RSA-5" zone. [It] contains a single three-story[-tall] building fronting South 18th Street, with a front yard fronting South Cleveland Street. Currently, the building is non-conforming within the RSA-5 zoning district, because it contained a duplex structure with both residential and commercial uses.

[Applicant] filed [its] [permit application] with the Philadelphia Department of Licenses and Inspection (L&I) for a zoning . . . permit [that would allow it] to subdivide the [Property], partially demolish the duplex building, and construct a single-family home on each of the two . . . parcels [created as a result of the Property's subdivision]. [Applicant's] plans anticipated having one home facing South 18th Street and the other home facing South Cleveland Street[, with both homes including] an attached roof deck and roof access.

On March 16, 2021, L&I issued a Notice of Refusal to Applicant[, which explained the refusal bases as follows:

> 1. Under . . . Section Table 14-701-1 of the Philadelphia Zoning Code [(Zoning Code)[1]], in an RSA-5 zoning district, a lot must be at minimum 1440 square feet, whereas [the] proposed [South 18th Street lot] would be 840 square feet and [the] proposed [South Cleveland Street] Lot would be 740 square feet].

> 2. Under . . . Section Table 14-701-1 of the . . . Zoning Code, in an RSA-5 zoning district[, a lot] must be 25 percent open [space,] but the proposed plans [only provide for] 17 [%] open [space on the South 18th Street lot]. . . .

[Applicant] timely appealed the Notice of Refusal and sought dimensional variances from the ZBA[, whereupon the] ZBA scheduled a virtual evidentiary hearing for July 14, 2021.

---

[1] Phila., Pa., Zoning Code (2012).

Common Pleas Op., 2/6/23, at 2-3 (cleaned up). After holding the first hearing as scheduled, the ZBA subsequently held a second hearing on August 25, 2021, and then took the matter under advisement. *Id.* at 7. On September 8, 2021, the ZBA voted unanimously to grant the Application, on the basis that Applicant had satisfied its burden of proof under the Zoning Code to establish its entitlement to the desired dimensional variances. ZBA Decision, Findings of Fact (F.F.), ¶66; *id.*, Conclusions of Law (C.L.), ¶¶2-17.

Appellants responded by appealing the ZBA's Decision to Common Pleas on October 8, 2021. Common Pleas took no additional evidence and, on May 18, 2022, affirmed the ZBA's Decision. This appeal to our Court followed shortly thereafter.

## II. Discussion

Appellants present a number of arguments for our consideration,[2] which we combine, reorder, and summarize as follows. First, the ZBA abused its discretion and acted in an arbitrary and capricious manner by granting the aforementioned dimensional variances, because Applicant failed to present any evidence that would support a conclusion that unnecessary hardship would result from the denial of the Application.[3] Appellants' Br. at 8-13, 30-32. Second, the ZBA also erred as a matter

---

[2] "Where a trial court takes no additional evidence in an appeal from a decision of the ZBA, this Court is limited to considering whether the ZBA erred as a matter of law or abused its discretion. [The] ZBA abuses its discretion if its findings are not supported by substantial evidence." *Driscoll v. Zoning Bd. of Adjustment of City of Phila.*, 201 A.3d 265, 268 (Pa. Cmwlth. 2018) (cleaned up).

[3] Per the Zoning Code, the ZBA may grant a dimensional variance only in the event it concludes:

> (.a)    The denial of the variance would result in an unnecessary hardship. The applicant shall demonstrate that the unnecessary hardship was not created by the applicant and that . . . the criteria set

**(Footnote continued on next page…)**

3

of law by granting those dimensional variances as being *de minimis* in nature, because Applicant did not argue that it was entitled to those variances on that basis. *Id.* at 13-14, 30-32. Third, the ZBA's Chairman abused his discretion by denying Appellants' request that the ZBA postpone consideration of the Application, which

forth in [Section] 14-303(8)(e)(.3) (Dimensional Variances) . . . have been satisfied;

(.b)  The variance, whether use or dimensional, if authorized will represent the minimum variance that will afford relief and will represent the least modification possible of the use or dimensional regulation in issue;

(.c)  The grant of the variance will be in harmony with the purpose and spirit of this Zoning Code;

(.d)  The grant of the variance will not substantially increase congestion in the public streets, increase the danger of fire, or otherwise endanger the public health, safety, or general welfare;

(.e)  The variance will not substantially or permanently injure the appropriate use of adjacent conforming property or impair an adequate supply of light and air to adjacent conforming property;

(.f)  The grant of the variance will not adversely affect transportation or unduly burden water, sewer, school, park, or other public facilities;

(.g)  The grant of the variance will not adversely and substantially affect the implementation of any adopted plan for the area where the property is located; and

(.h)  The grant of the variance will not create any significant environmental damage, pollution, erosion, or siltation, and will not significantly increase the danger of flooding either during or after construction, and the applicant will take measures to minimize environmental damage during any construction.

Zoning Code § 14-303(8)(e)(.1.). "To find an unnecessary hardship in the case of a dimensional variance, the [ZBA] may consider the economic detriment to the applicant if the variance is denied, the financial burden created by any work necessary to bring the building into strict compliance with the zoning requirements[,] and the characteristics of the surrounding neighborhood." *Id.* § 14303(8)(e)(.3). Appellants do not argue that Applicant failed to satisfy any of these criteria other than undue hardship.

4

they made at the outset of the July 14, 2021 hearing. *Id.* at 15-23. Finally, the ZBA's Chairman also abused his discretion by muting the microphone of Appellants' attorney during part of the July 14, 2021 hearing; mischaracterizing the nature of the opposition to the Application; and by allowing Applicant's counsel (Counsel) to make misrepresentations regarding certain record evidence. *Id.* at 23-30.

Appellants have waived their first issue, due to their failure to argue during the course of the ZBA hearings that Applicant had failed to present evidence supporting its assertion of unnecessary hardship. It is well settled that a party must raise all arguments or issues when they appear before a local agency like the ZBA, and waives any arguments or issues that they fail to make at that juncture. *Roomet v. Bd. of License & Inspection Rev.*, 928 A.2d 1162, 1165 n.2 (Pa. Cmwlth. 2007) ("Section 753(a) of the Local Agency Law incorporates the waiver doctrine by requiring all legal questions be raised before the administrative agency hearing the appeal. *See* 2 Pa. C.S. § 753(a); *Korsunsky v. Housing Code Bd. of Appeals, City of Harrisburg*, 660 A.2d 180 (Pa. Cmwlth. 1995)."); *accord In re McGlynn*, 974 A.2d 525, 534 (Pa. Cmwlth. 2009); *Mack v. Zoning Hearing Bd. of Plainfield Twp.*, 558 A.2d 616, 618 (Pa. Cmwlth. 1989).

Here, Appellants attacked the Application on a number of bases when they appeared before the ZBA, but conspicuously failed to argue that Applicant had not met its burden regarding unnecessary hardship. As summarized by Common Pleas:

> Lionel Artom-Ginzburg, Esquire, appeared as counsel on behalf of broadly referenced "interested parties," including himself as a near neighbor. Mr. Artom-Ginzburg contended that Applicant had failed to provide proper community notice in advance of the first ZBA hearing and accused [Counsel] and Applicant of engaging in misconduct. [ZBA Hearing Notes of Testimony (N.T.), 7/14/21, at 4-6, 28-31.]
>
> . . . .

> [Mr.] Artom-Ginzburg . . . [also] voiced his broad opposition to the project and complained that Applicant had not adequately addressed concerns of the neighbors. ZBA Hearing N.T., 8/25/21, at [42]. . . . Juan Levy protested the height of Applicant's planned . . . three-story building on the South Cleveland Street lot[,] even after ZBA Chairman . . . informed Mr. Levy that the proposed height of the structure had completely conformed to the existing zoning code provisions and that there had been no Notice of Refusal that had been issued by L&I on that basis. *Id.* at 30-[37].
>
> Similarly, . . . Martin Baum[] expressed unrelated concerns regarding proposed extensions beyond his back wall; [Counsel] responded that . . . Applicant had sent Mr. Baum revised plans and had remained amenable to further discussion[,] even though this issue had not been part of the variance request. *Id.* at 43-46. Also, . . . Arden Kass complained about the prospective loss of view of open space from the empty lot facing South Cleveland Street. Ms. Kass conceded however that she did not own or have any rights or interest in that empty land parcel and that any development would change her view. *Id.* at [48-51]. . . . Halee Bouchehrain cited speculative concerns over the future . . . value of her property and a lack of parking. *Id.* at 49-51. . . . [Finally,] Shani Ferguson did not testify at the [ZBA] hearing[s].

Common Pleas Op., 2/6/23, at 5-7 (cleaned up). Given this, we conclude that Appellants have waived their first issue and, accordingly, we need not address its merits.

Similarly, we need not address the merits of Appellants' second argument, regarding whether the granted dimensional variances were *de minimis*. The ZBA did not address this issue during the course of its handling of the Application and did not grant the contested variances on that basis. *See* ZBA Decision, F.F., ¶¶14-35, 50-52; *id.*, C.L., ¶¶2-16. Appellants' second issue is therefore indisputably moot.

Moving on, Appellants assert that their third argument regarding the ZBA Chairman's denial of their hearing continuance request has merit for two reasons:

6

first, Applicant failed to properly post notices on the Property in advance of the July 14, 2021 hearing; and second, the ZBA Chairman's denial deprived members of South of South Neighborhood Association (SOSNA), and the local registered community organization (RCO), of the ability to consider the Application and to decide whether to support it. *Id.* at 15-23. With regard to Appellants' first assertion, the ZBA noted in its Decision that "Emergency Regulations" were in effect when the first hearing was scheduled, which required that "[n]otification signs for [that] hearing[] . . . be posted [on the Property] no less than 21 days prior to the hearing date and [that those signs] remain continuously in place through the day of the hearing." ZBA Decision, C.L., ¶¶18-19. The ZBA also determined that Counsel had presented credible evidence showing that Applicant had posted the Property in compliance with the Emergency Regulations and that Appellants' assertions to the contrary were not credible, as well as that any potential posting deficiencies were cured when new notice was subsequently posted for the August 25, 2021 hearing. *See id.*, ¶¶22-26; *id.*, F.F., ¶¶12, 24-29. These findings and conclusions are adequately supported by the record. As for Appellants' second assertion, the Zoning Code prohibits the ZBA from holding a public hearing regarding a variance application until at least 45 days after the applicant has properly notified the relevant RCOs about said application. *See* Phila. Code § 14-303(12)(d)-(e). By the same token, however, the Zoning Code does not prevent the ZBA from considering a variance application after that 45-day window has closed without the affected RCOs considering and voting upon such an application. *See id.* It is undisputed in this instance that Applicant properly notified SOSNA regarding the Application, as well as that SOSNA did not vote upon the Application within 45 days of receiving notice. *See* ZBA Decision, C.L., ¶¶29-33; F.F., ¶¶8-11. SOSNA's unconsummated

consideration of the Application thus did not serve as an impediment to the ZBA holding the July 14, 2021 hearing as scheduled. Accordingly, Appellants' argument that the ZBA's Chairman abused his discretion by declining to postpone the July 14, 2021 hearing is also without merit. *Id.*

Finally, we are unpersuaded by Appellants' remaining contentions regarding the Chairman's handling of the Application hearings. Appellants take issue with the Chairman's decision to mute their attorney's microphone towards the end of the July 14, 2021 hearing. It remains, however, that their attorney subsequently presented testimony and argument during the August 25, 2021 hearing, at which point he failed to raise any concerns about being muted for a portion of the prior proceeding. *See* ZBA Hearing N.T., 8/25/21, at 42. Furthermore, Appellants fail to identify what, if anything, this muting prevented them from presenting at the second hearing. Thus, Appellants waived their muting-related concerns by failing to raise them at the second hearing and, at minimum, tacitly concede that the opportunity they were given at the second hearing cured any prejudice they suffered at the first. Appellants also assert that the Chairman mischaracterized the bases upon which the Application was being opposed and allowed Counsel to make misrepresentations regarding certain record evidence. However, it is immaterial whether Appellants' assertions are correct, for, as discussed *supra*, Appellants waived their ability to argue that Applicant failed to establish that unnecessary hardship would result from the denial of its Application. As such, they cannot ultimately leverage those supposed mischaracterizations and misrepresentations to successfully attack the ZBA's determination that Applicant was entitled to the sought-after dimensional variances.

### III. Conclusion

In accordance with the foregoing analysis, we affirm Common Pleas' May 18, 2022 order.

                                                                      
_____

ELLEN CEISLER, Judge

Judge Dumas did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Appeal of Juan Levy, | : | |
| Arden Kass, Halee Bouchehrian, | : | |
| Martin Baum, Shani Ferguson, and | : | |
| Lionel Artom-Ginzburg | : | |
| | : | |
| From Decision of | : | No. 628 C.D. 2022 |
| City of Philadelphia Zoning | : | |
| Board of Adjustment | : | |
| | : | |
| Appeal of: Juan Levy, | : | |
| Arden Kass, Halee Bouchehrian, | : | |
| Martin Baum, Shani Ferguson, and | : | |
| Lionel Artom-Ginzburg | : | |

# **O R D E R**

AND NOW, this 17th day of December, 2024, the Court of Common Pleas of Philadelphia County's May 18, 2022 order is AFFIRMED.

ELLEN CEISLER, Judge