523 A.2d 436

Acorn Development Corporation *v.* Zoning Hearing Board of Upper Merion Township. Upper Merion Concerned Citizens Committee, Inc., Appellant.

Argued December 12, 1986, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Gregory Dean*, with him, *Fred B. Fromhold, Haws & Burke*, for appellant.

*Parker H. Wilson, Wilson, Drayer, Morrow & Furber*, for appellee.

OPINION BY SENIOR JUDGE KALISH, April 2, 1987:

Upper Merion Concerned Citizens Committee, Inc. (Committee) appeals from an order of the Court of Common Pleas of Montgomery County which denied its petition to intervene.[1] We affirm.

---

[1] An order denying intervention is a final and appealable order where the denial is a practical denial of relief to which the petition-

The Committee is a community organization whose members are residents of Upper Merion Township (Township), and whose purpose is to preserve and enhance the quality of life in the Township. On September 5, 1985, the Zoning Hearing Board of Upper Merion Township (Board) rejected a challenge by Acorn Development Corporation (Acorn) to the Upper Merion Township Zoning Ordinance with respect to the Valley Forge Golf Course. Acorn sought to rezone the property from AG Agriculture to A-R Administrative and Research, in order to develop the property into office and hotel space. The Committee was represented by counsel and participated in the Board hearings on Acorn's challenge.

On September 16, 1985, Acorn filed an appeal from the Board's decision in the trial court. The Township successfully intervened in the appeal. The Committee filed a petition to intervene. The trial court denied the Committee's petition, determining that the Committee's interests would be represented and protected by the parties to the action, namely the Township and the Board. The Committee argues that it has a legally enforceable interest in the determination of Acorn's appeal, pursuant to section 908(3) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(3), and Pa. R.C.P. No. 2327(4).

Questions of intervention are within the discretion of the trial court. Our scope of review is to determine whether the trial court abused its discretion or committed an error of law in denying the Committee's petition to intervene. *Wilson v. State Farm Mutual Automobile Insurance Co.,* 512 Pa. 486, 517 A.2d 944 (1986).

---

er for intervention is entitled and can obtain in no other way. *Marion Power Shovel Co. v. Fort Pitt Steel Casting Co.,* 285 Pa. Superior Ct. 45, 426 A.2d 696 (1981).

Section 908(3) of the MPC, 53 P.S. §10908(3), does not create a legally enforceable interest in the outcome of an appeal from a zoning hearing board decision. This section simply sets forth one of the requirements for hearings before a zoning hearing board. Section 908(3) of the MPC provides that "[t]he parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record be-fore the Board, and any other person including civic or community organizations permitted to appear by the Board." Neither a municipality nor a neighboring landowner is granted automatic party status in an appeal from a zoning hearing board decision, despite the fact that both participated as parties before the zoning hearing board. In order to participate at the common pleas court level, they must intervene pursuant to section 1009 of the MPC, 53 P.S. §11009. *Gilchrist v. Zoning Hearing Board of Old Forge Borough,* 83 Pa. Commonwealth Ct. 27, 475 A.2d 1366 (1984).

Section 1009 of the MPC, 53 P.S. §11009, provides that the municipality and any owner or tenant of property directly involved in the action may intervene as of course, but further provides that all other intervention is governed by the Pennsylvania Rules of Civil Procedure. Rule 2327(4), Pa. R.C.P. No. 2327(4), states that a person who is not a party to the action shall be permitted to intervene if "the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action." This right to intervene is not absolute. In *Wilson,* our Supreme Court stated that "even assuming the truth of this allegation [of a legally enforceable interest], a mere prima facie basis for intervention is not enough." *Id.* at 492, 517 A.2d at 947. Under Pa. R.C.P. No. 2329(2), an application for intervention may be denied if "the interest of the petitioner is already ade-

quately represented." *See Wilson* at 492, 517 A.2d at 947.

We do not believe that the Committee meets the threshold requirement of having a legally enforceable interest. To satisfy Rule 2327(4), "the applicant must own an interest in or a lien upon property in question or must own a cause of action which will be affected by the action. He must have some right, whether legal or equitable, which will be affected by the proceedings." 8 Goodrich-Amram 2d §2327:7.

In the instant case, there is no evidence in the record that the Committee owns property in the vicinity of the Valley Forge Golf Course. The Committee contends that if Acorn is successful in its challenge to the zoning ordinance, and the proposed development is approved, residents throughout the township will be affected. However, we do not believe that the potentially pervasive effect on township residents is a legally enforceable interest. The Committee's interest is an interest shared by the community, and is not sufficient to satisfy Rule 2327(4).

Accordingly, we affirm the trial court.

### ORDER

Now, April 2, 1987, the order of the Court of Common Pleas of Montgomery County, No. 85-14409, dated February 3, 1986, is affirmed.

Judge COLINS dissents.