636 A.2d 310

John O. VARTAN, t/d/b/a Independent American Investments,

v.

ZONING HEARING BOARD OF the CITY OF HARRISBURG (Zoning Request No. 1263).

Appeal of HISTORIC HARRISBURG ASSOCIATION, INC., Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Jan. 4, 1994.

Bradford Dorrance, for appellant.

Justin H. McCarthy, II, for appellee.

Before CRAIG, President Judge, and COLINS, J., and KELTON, Senior Judge.

CRAIG, President Judge.

Historic Harrisburg Association, Inc., appeals a decision of the Court of Common Pleas of Dauphin County in which Judge Dowling denied the association's request to intervene in the zoning appeal of John Vartan. We affirm the decision of the trial court.

## HISTORY

The facts as found by the trial court, and as revealed by uncontested evidence in the record, are as follows. Vartan owns Independent American Investments which purchased land in Harrisburg that is zoned as a Special Intensity District No. 2 (SID-2). Vartan filed an application for special exceptions with the city requesting relief from the zoning district's requirements on height, floor area ratio, lot coverage, and rear and side-yard setbacks. The zoning hearing board conducted hearings on Vartan's application on July 8, July 22, and November 18, 1991.

The association participated as a party in the board's hearings and opposed Vartan's requested relief. The association is a Pennsylvania nonprofit corporation consisting of approximately 300 members, most of whom are residents and property owners within Harrisburg. Its corporate bylaws include the following stated objectives:

(a) [T]o preserve, maintain and enhance through all available means the aesthetic and wholesome character of our neighborhood environment and to increase knowledge and appreciation of such sights and structures; and

(b) [T]o promote community participation, cooperation, interest and goodwill among residents and property owners in Greater Harrisburg; and

(c) [T]o maintain where possible and restore when necessary those elements of Greater Harrisburg's manmade and natural environment which are deemed to possess historic, cultural or civic value; and

(d) [T]o cooperate with the City of Harrisburg and other public and private bodies in the reconstitution of neighborhoods for residential, residentially-compatible uses and commercial uses. . . .

The association argued before the board that Vartan's proposed development, called the Capital Dominion, will severely affect the quality of the SID–2 district nearest the state capital building.

After the November 18 hearing, the board voted unanimously to deny Vartan's request for special exceptions. Vartan filed a zoning appeal on December 18 that was docketed at No. 5451–S–1991. The board then issued a written decision on December 30, to which Vartan filed a more comprehensive appeal that was given a new docket number at 417–S–1992.

The association's board of directors authorized its president to file a petition to intervene in Vartan's appeal, which the association did on March 24, 1992. On October 19, the association filed an amended petition.

On October 21 the trial court issued a rule to show cause why the association should not be permitted to intervene. Vartan filed an answer with new matter, to which the association filed a reply. The trial court held a hearing on December 22, 1992, and on February 10, 1993, the court issued its decision and order denying the association's request for intervention.

The trial court rejected each of the four arguments put forth by the association. Specifically, the trial court concluded that the association did not have appearance standing to intervene pursuant to § 908(3) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as*

*amended,* 53 P.S. § 10908(3); that the association may have established a right to appeal to the common pleas court, but because the association is not a property owner, it did not establish a right to intervene in Vartan's appeal; that the association's contention that its interests are not adequately represented by the parties to the appeal is superfluous in light of the association's failure to establish a right to intervene; and that the association's suggestion that it would not be able to appeal an adverse future ruling by a trial court on Vartan's proposed land use development was speculative and not sufficient grounds upon which to allow the association's intervention.

## STANDING VS. INTERVENTION

Now the association comes before this court and contends that the trial court erred in denying its petition. The association argues that it should be allowed to intervene because it testified before the board and represents the interests of 43 of its members, many of whom reside in or own property within the SID–2, three of whom own properties adjacent to the Capital Dominion site. The association suggests that its interest in Vartan's proposed land development, which interest was sufficient to confer party status on the association before the board, should be sufficient to warrant its intervention in Vartan's appeal to the common pleas court.

█ This court has previously held that standing to appear before the board pursuant to § 908(3) of the MPC, 53 P.S. § 10908(3), does not guarantee a party's right to appear at the common pleas level.

Section 908(3) of the MPC ... does not create a legally enforceable interest in the outcome of an appeal from a zoning hearing board decision. This section simply sets forth one of the requirements for hearings before a zoning hearing board. Section 908(3) of the MPC provides that "[t]he parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the Board, and any other

person including civic or community organizations permitted to appear by the Board." Neither a municipality nor a neighboring landowner is granted automatic party status in an appeal from a zoning hearing board decision, despite the fact that both participated as parties before the zoning hearing board. In order to participate at the common pleas court level, they must intervene pursuant to section 1009 of the MPC, 53 P.S. § 11009.

*Acorn Development Corp. v. Zoning Hearing Board of Upper Merion Township,* 105 Pa.Commonwealth Ct. 138, 141, 523 A.2d 436, 437 (1987) (citing *Gilchrist v. Zoning Hearing Board of Old Forge Borough,* 83 Pa.Commonwealth Ct. 27, 475 A.2d 1366 (1984)). Therefore, despite the association's appearance before the board, it must intervene in Vartan's appeal if it chooses to voice its concerns at the common pleas level.

■ Questions of intervention are within the discretion of the trial court. *Acorn.* Therefore, our scope of review in this case is limited to determining whether the trial court abused its discretion or committed an error of law in denying the association's petition. *Id.*

■ The association argues that this court's decision in *Pittsburgh Trust for Cultural Resources v. Zoning Board of Adjustment of the City of Pittsburgh,* 145 Pa.Commonwealth Ct. 503, 604 A.2d 298 (1992), establishes the association's right to intervene. In that case this court upheld a trial court's decision to allow a citizens' association, which sought to encourage "quality commercial development" in its vicinity, and which did not own any land or equitable interests directly affected by a proposed land development, to *appeal* from a decision of a zoning hearing board that had granted a group of landowners special exceptions and variances.

However, intervention was not an issue in *Pittsburgh Trust.* Therefore, that case does not provide guidance for the issue presently before us. Rather, *Pittsburgh Trust* establishes a right to appeal to the common pleas court for groups like the association. Nonetheless, *Pittsburgh Trust* does not provide

any precedent that allows us to reverse the trial court's decision for an abuse of discretion in this case.

Intervening in a zoning appeal is governed by § 1004–A of the MPC, 53 P.S. § 11004–A. The MPC provides the following guidelines:

> Within the 30 days first following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course ... All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure.

Pa.R.C.P. No. 2327 sets forth who may intervene. The parties before us agree that the only applicable portion of Pa.R.C.P. No. 2327 is paragraph 4, which reads as follows:

> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> . . . .
>
> (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.

This court has addressed the issue of citizens group intervention in zoning appeals most prominently in *Acorn*, where this court considered the appeal of the Upper Merion Concerned Citizens Committee (committee) from a trial court order denying the committee's petition to intervene in the zoning appeal of the Acorn Development Corporation (the developer). At the time of the litigation, the committee was a community organization whose members were residents of Upper Merion Township. This court noted that the committee's purpose was "to preserve and enhance the quality of life in the Township." *Id.* 105 Pa.Cmwlth. at 140, 523 A.2d at 437.

The developer wanted to rezone property at the Valley Forge Golf Course from agricultural to administrative so that it could build office and hotel space. When the Zoning Hearing Board of Upper Merion Township rejected the developer's challenge to the Upper Merion Township Zoning Ordi-

nance, the developer appealed to the common pleas court. The committee, which had been represented by counsel and participated in the zoning board hearings, filed a petition to intervene in the developer's appeal. The trial court denied the committee's petition, and the committee appealed the decision to this court.

The rule set forth in *Acorn* for intervening in zoning appeals pursuant to Pa.R.C.P. No. 2327(4) is that, by itself, seeking to encourage or discourage particular land development projects is not a "legally enforceable interest". This court adopted the following language from 8 Goodrich–Amram 2d § 2327:7, "the applicant must own an interest in or a lien upon property in question or must own a cause of action which will be affected by the action. He must have some right, whether legal or equitable, which will be affected by the proceedings." *Id.* 105 Pa.Cmwlth. at 142, 523 A.2d at 437–38.

Accordingly, the court applied the following analysis:

> In the instant case, there is no evidence in the record that the Committee owns property in the vicinity of the Valley Forge Golf Course. The Committee contends that if Acorn is successful in its challenge to the zoning ordinance, and the proposed development is approved, residents throughout the township will be affected. However, we do not believe that the potentially pervasive effect on township residents is a legally enforceable interest. The Committee's interest is an interest shared by the community, and is not sufficient to satisfy Rule 2327(4).

*Id.* at 142, 523 A.2d at 438.

In the case before us, there is no evidence in the record that the association owns property or any other legally enforceable interest in the vicinity of Vartan's proposed development. Rather, the record indicates that the association does not presently own, nor has it ever owned, any real property, including its own office space. The association's president, Thomas Leonard, offered the following testimony on direct examination during a deposition:

[P. McDermott, Esq. for Vartan]: Where is the Association's office?

[Leonard]: Our office is in the upstairs of the stables of the John Harris Mansion ... At 219 South Front Street, Harrisburg.

. . . .

Q.: Does the Association own the premises at 219 South Front Street?

A.: No.

Q.: Do you lease the office space?

A.: Yes.

Q.: Does the [association] own any property, real property?

A.: No.

Q.: Has the [association] ever, to your knowledge, owned any real property?

A.: Since I've been associated with the Association, which is 1984, the answer would be no.

Nor is there any evidence that the association has a lien on properties directly affected by Vartan's proposed development. Therefore, there is no evidence in this case that establishes a legally enforceable interest belonging to the association that warrants its intervention in Vartan's appeal.

## DERIVATIVE RIGHT TO INTERVENE

■ However, the association contends that its 43 members who own property in or live in the SID–2 essentially imbue the association with their respective rights to intervene. In addition, the association believes that this fact sufficiently distinguishes this case from the *Acorn* decision, because, the association argues, in that case there was no evidence that the committee, or its members, owned property directly affected by the developer.

The fact that the association represents citizens who own affected property does not provide it with a right to intervene. Rather, this fact establishes the association's standing to appear before the board, and the possibility that some or all

43 members might be allowed to intervene before the common pleas court.

 The association also attempts to distinguish *Acorn* on the fact that this court noted that the Upper Merion Township intervened in the developer's appeal. Because the township intervened, the committee's interests were represented before the trial court. In this case, the City of Harrisburg has not intervened in Vartan's appeal. Therefore, the association argues that, if it is not permitted to intervene there will be no-one to appeal an adverse decision of the trial court if the trial court grants Vartan's request for special exceptions.

However, the Pennsylvania Rules of Civil Procedure and the MPC do not recognize the association's argument as grounds to intervene. Therefore, the trial court judge did not abuse his discretion by rejecting the association's petition to intervene.

## ADEQUATE REPRESENTATION

 The association's argument that it is not adequately represented on appeal and therefore should be allowed to intervene under Pa.R.C.P. No. 2329(2), is not applicable here. The association's argument is that, under the above rule, its petition for intervention could be rejected by the court only if its interests are already adequately represented in court. Because the association contends that its member's interests are not adequately represented by the parties currently involved in Vartan's appeal, the association asserts that the trial court erred in denying its petition for intervention.

However, Pa.R.C.P. No. 2329 is not exhaustive with respect to the right to intervene. Rather, this rule states that *if* an applicant for intervention has met the basic requirements to intervene detailed in Pa.R.C.P. No. *2327*, it must be permitted to intervene *unless* it falls within one of three categories for exclusion listed in Rule 2329. Specifically, the provisions of interest to the association are as follows:

Upon filing of the petition and after hearing, of which due notice shall be given to all parties, the court, *if the allega-*

*tions of the petition have been established and are found to be sufficient,* shall enter an order allowing intervention; but an application for intervention may be refused, if

. . . .

(2) the interest of the petition is already adequately represented. . . . (Emphasis added.)

We have concluded that the association's own status is not sufficient to permit it to intervene. Therefore, Pa.R.C.P. No. 2329 does not come into play.

Accordingly, Judge Dowling did not err in denying the association's petition to intervene in Vartan's appeal because the association does not have a legally enforceable interest in that appeal.

## ORDER

NOW, January 4, 1994, the order of the Court of Common Pleas of Dauphin County, dated February 10, 1993, at docket Nos. 5451–S–1991 and 417–S–1992, is affirmed.