John O. VARTAN, t/a/d/b/a Independent
American Investments

v.

Steven R. REED, Mayor, City of Harrisburg; Oscar L. Douglas, Jr., City Clerk, City of Harrisburg; Joseph Link, Engineer, City of Harrisburg; Gina McBean, Chair of the Planning Commission, City of Harrisburg; Susheela Shende, Executive Secretary for the Planning Commission; Richard K. House, Sr., President of City Council, City of Harrisburg Thomas A. Beckley and Mary V. Davis, trading as Atcheson Properties, Appellants.

John O. VARTAN, t/a/d/b/a Independent
American Investments, Appellant,

v.

Steven R. REED, Mayor; Oscar L. Douglas, Jr., City Clerk; Joseph Link, Engineer; Gina McBean, Chair of the Planning Commission.

Commonwealth Court of Pennsylvania.

Argued April 19, 1996.
Decided June 3, 1996.

Charles O. Beckley, II, for Appellants, Thomas A. Beckley and Mary V. Davis.

L. Rostaing Tharaud, for Appellee, Mayor Steven Reed.

Paula J. McDermott and Thomas W. Scott, for Appellee, John O. Vartan.

Before DOYLE and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Thomas A. Beckley and Mary V. Davis, trading as Atcheson Properties (Atcheson), appeal and John O. Vartan, t/a/d/b/a Independent American Investments (Vartan), cross-appeals from the March 23, 1993 order of the Court of Common Pleas of Dauphin County which (1) denied Atcheson's petition to intervene in Vartan's mandamus action; (2) granted Atcheson's petitions to intervene in Vartan's protective land use and zoning appeals; and, (3) directed the prothonotary of Dauphin County to strike-off a settlement agreement entered between Vartan and the City of Harrisburg (the City) on July 9, 1992.

Atcheson is appealing only that part of the order denying its petition to intervene in Vartan's mandamus action; and, Vartan is appealing only that part of the order striking off the settlement agreement.

## Factual Background

Vartan owns property at 222–228 North Third Street and 234–240 Cranberry Street in Harrisburg. Atcheson owns property at 212 North Third Street known as Cranberry Court (an office building). Vartan's site, specifically 222 North Third Street, lies directly across Cranberry Street from Atcheson's Cranberry Court. After Atcheson purchased the building in 1982, it extensively renovated both inside and outside. The renovations included the installation of 23 8' × 6' glass picture windows on the side of the building which faces Cranberry Street.

On May 17, 1991, Vartan filed with the City a preliminary land development plan for his property. Vartan's site is approximately 12,080 square feet, and contains four lots, all to be consolidated, with the existing three buildings to be demolished. In its place, Vartan proposed to construct a 17–story office building comprised of retail and lobby space on the first floor, parking on floors 2–7, office space on floors 8–16, and a revolving restaurant on the 17th floor. As part of the building construction, Vartan plans to erect structural supports which would arch from North to South across Cranberry Street and project onto the south sidewalk of Cranberry Street, within a few feet of the northern wall of Atcheson's Cranberry Court property.

Because the plan greatly exceeded various zoning restrictions, Vartan filed an application with the Zoning Hearing Board of the City (Board), requesting relief from the side and rear-yard setback provisions, the height limitation, the maximum floor area ratio and the maximum lot coverage applicable to the site.[1] Atcheson appeared and participated at

1. The requests Vartan presented to the Board were as follows:
   1. Set Backs [Article 1333.09(d)(1)(2) and (31)]:

| Request | Ordinance |
|---|---|
| Front Yard—to the property line | 10 feet or conform to existing setbacks on block |
| Rear Yard—to the property line | 5 feet |
| Side Yards—to the property line | 5 feet |

   2. Floor Area Ratio [Article 1353.09]:

both the City Planning Commission and before City Council to voice objection to Vartan's proposed plan.

The Board was simultaneously holding hearings regarding Vartan's requests for special exception relief from the applicable zoning regulations. Atcheson participated at these hearings as well. On November 18, 1991, the Board voted to deny all of Vartan's requests for relief. Vartan timely appealed this decision to the trial court.

At its July 3, 1991 meeting, the City Planning Commission voted to recommend to City Council that Vartan's plan be disapproved. While City Council was considering the plan, Vartan granted City Council three extensions in writing: the first for 90 days effective July 8, 1991; the second for 30 days on September 10, 1991; and the third for 60 days on October 8, 1991. Vartan believed that the extensions ran out on December 7, 1991. However, at a special meeting on December 10, 1991, Acting City Solicitor Jill A. Devine informed City Council that she had determined that it had until January 4, 1992, to render a decision on Vartan's plan; she recommended that City Council act on the plan at that time, which it did, voting to disapprove Vartan's plan. After the Mayor vetoed the disapproval ordinance on December 20th, City Council responded on December 30, 1991, by voting to override the Mayor's veto, thereby reaffirming their previous disapproval of the plan.

Vartan, believing that City Council's failure to act by December 7, 1991 was a deemed approval by operation of law pursuant to Section 508(3) of the Pennsylvania Municipalities Planning Code (MPC),[2] filed a complaint in mandamus on January 8, 1992. Vartan also filed a January 9, 1992 Protective Land Use appeal pursuant to Section 1002–A of the MPC[3] in the trial court, challenging City Council's denial of his plan.

Atcheson then filed three petitions to intervene: first, on March 20, 1992, a petition for rule to show cause why it should not be allowed to intervene in Vartan's mandamus action; second, a petition to intervene in Vartan's protective land use appeal; and third, a petition to intervene in Vartan's zoning appeal, which Vartan had filed challenging the Board's refusal to grant him site exceptions. On March 24, 1992, the trial court entered a rule to show cause why Atcheson should not be permitted to intervene in Vartan's mandamus action.

| Request | Ordinance |
|---|---|
| Structured Parking (6:1) | (2.5:1) |
| Office (6:1) | (2.5:1) |
| Building (17:1) | (2:5) |

3. Parking Structure [Article 1333.09(b)(3)]:

| Request | Ordinance |
|---|---|
| Seven (7) floors of structured parking incorporated into Project. | Permitted by special exception unless parcel is in a SID. |

4. Maximum Height [Article 1353.09(a)]:

| Request | Ordinance |
|---|---|
| Seventeen (17) floors with Communication Tower Total Height—500 feet | Seventy-five feet (75) |

5. Lot Coverage [Article 1353.09(f)]:

| Request | Ordinance |
|---|---|
| One hundred (100%) percent | Seventy-five (75%) percent |

**2.** Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508(3). Section 508(3) provides in pertinent part:

All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed, provided that should the said next regular meeting occur more than 30 days following the filing of the application, the said 90–day period shall be measured from the 30th day following the day the application has been filed.

. . . .

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect.

**3.** 53 P.S. § 11002–A.

On June 19, 1992, Atcheson filed a petition to stay a proposed settlement of the mandamus action pending the court's disposition of its intervention petition. The court issued a rule to show cause why Atcheson's petition for stay should not be granted on June 22, 1992.

However, while the rule to show cause was pending, on June 24, 1992, Vartan and two City officials (the Mayor and City Controller with approval "as to form and legality" by the Acting City Solicitor, R.R. 193a) entered into an agreement entitled "Full, Final, Complete and Mutual Release and Settlement Agreement" with respect to Vartan's mandamus action. The settlement stated that the City agreed that Vartan's plan had been deemed approved; that Council would agree to sign any final plan; that Vartan's site includes portions of Jim and Kelley Alleys vacated by Bill No. 26 of 1991; that Vartan's site includes the easement in and over the public right-of-way in Cranberry street; and that the City would not take any inconsistent position with Vartan in his various related litigations. The plan was executed by the City and recorded in the Dauphin County Office of the Recorder of Deeds.

Vartan filed his answer with new matter to Atcheson's petition for a stay on July 10, 1992, as did the City defendants. Thereafter, on March 23, 1993, the court entered an order which:

1) denied Atcheson's petition to intervene in Vartan's mandamus action;

2) granted Atcheson's petition to intervene in Vartan's protective land use appeal;

3) granted Atcheson's petition to intervene in Vartan's Zoning appeal; and

4) directed the prothonotary of Dauphin County to strike-off the settlement agreement entered on the docket as of July 9, 1992.

Atcheson has appealed only that part of the order denying its petition to intervene in Vartan's mandamus action. Vartan has cross-appealed that part of the court's order striking off the settlement agreement and

4. Our scope of review from the denial of a petition to intervene is limited to determining whether the trial court abused its discretion or committed an error of law. *Chairge v. Exeter Borough*

has simultaneously, filed a motion to quash Atcheson's appeal as interlocutory. We will address the issues presented in the appeal and the cross-appeal separately.

### Atcheson's Issue

■ Atcheson's sole issue on appeal is whether the trial court erred in denying its petition to intervene in Vartan's mandamus action.[4]

### Discussion

Atcheson argues that the critical issue raised in Vartan's mandamus action is whether or not Vartan's plan was "deemed approved" by operation of law. Atcheson argues that if it is not allowed to intervene in this action and if the trial court determines that the plan was deemed approved, then it has been effectively precluded from asserting its rights under the MPC and the land use appeal (in which it *has* been allowed to intervene) would become moot.

Vartan argues that Atcheson presented no evidence to the trial court in support of its petition to intervene pursuant to Pa. R.C.P. No. 2329, and therefore did not meet its burden to establish its right to intervention. Vartan also argues that it would be "manifestly inequitable" to allow Atcheson to intervene at this stage when the matter is headed for settlement, citing *Ginter v. Nationwide Mutual Fire Insurance Company*, 359 Pa. Superior Ct. 200, 518 A.2d 850 (1986).

■ Whether or not a party will be allowed to intervene in an action is within the discretion of the trial court. *Acorn Development Corp. v. Zoning Hearing Board of Upper Merion Township*, 105 Pa.Cmwlth. 138, 523 A.2d 436 (1987), *petition for allowance of appeal denied sub nom., Upper Merion Concerned Citizens Committee, Inc. v. Acorn Development Corp.*, 517 Pa. 632, 539 A.2d 813 (1988). Under Pa. R.C.P. No. 2327(4), a person not already a party shall be permitted to intervene if the determination of the action may affect a legally enforceable interest of

*Zoning Hearing Board*, 151 Pa.Cmwlth. 220, 616 A.2d 1057 (1992), *petition for allowance of appeal denied*, 536 Pa. 632, 637 A.2d 292 (1993).

the proposed intervenor;[5] and under Pa. R.C.P. No. 2329(2), an intervention application may be refused if the interest of the proposed intervenor is already adequately represented.

In this case, the trial court reasoned that it was "inappropriate" to grant Atcheson intervenor status in the mandamus action pursuant to Pa. R.C.P. No. 2329(2), because:

Granting intervenor status to Atcheson in the Protective Land Use Appeal will adequately protect their interests under Pa. R.C.P. [No.] 2327(4) and reduce the multiplicity of actions related thereto.

(Trial Court Opinion at p. 11.)

█ We disagree that Atcheson's interests will be "adequately protected" by it being allowed to intervene in Vartan's protective land use appeal. To the contrary, we conclude that Atcheson's interests may not be fully protected unless it is allowed to participate in the mandamus action. In filing the mandamus action, Vartan is seeking a determination by the trial court that the City has failed to comply with the time requirements of Section 508 and that the requisite City officials *must* sign his plan.[6] If the trial court determines that the City in fact has failed to act within the time limitations imposed under Section 508, then, as Atcheson correctly argues in its brief, the protective land use appeal may arguably become moot and Atcheson would then have been denied its right to assert any and all objections to the proposed plan. Although we do not decide the mootness question at this time, we do believe that Atcheson must be given a full opportunity to protect against his neighbor's attempt to vacate portions of two alleys in its immediate neighborhood and to bridge Cranberry Street adjacent to its northern building wall.

Moreover, because the settlement entered into between Vartan and the two City officials has been stricken by the trial court, the resolution of the mandamus action now becomes paramount to both Vartan, the City and Atcheson. For that reason as well, we will reverse the order of the trial court and grant Atcheson intervenor status in Vartan's mandamus action.[7]

### Vartan's Cross–Appeal and Motion to Quash

In his cross-appeal, the issue as presented by Vartan is whether the trial court abused its discretion in striking off the settlement agreement entered into by himself and the City, where no party to that action objected to the settlement. Vartan also argues that Atcheson's appeal should be quashed because an order denying intervention is interlocutory and not final and because Atcheson has been allowed to intervene in both the land use and the zoning appeals. We will address these issues seriatim.

In its opinion, the trial court struck off the settlement agreement for two reasons:

Although collateral to the issue of granting intervenor status to Atcheson, we are convinced that approval of a land development plan—an action required by the Pennsylvania Municipalities Planning Code, 53 P.S. § 10101 et seq., to be taken by the governing body of each municipality, 53 P.S. § 10508,—cannot be effected through the settlement of a law suit (without council's approval) between the developer and city officials. *Cf. Moore v. Reed,* 126 Pa. Cmwlth. 283, 559 A.2d 602 (1989) *alloc. den.,* [527 Pa. 657] 593 A.2d 428. We

---

5. *But see, e.g., Vartan v. Zoning Hearing Board of Harrisburg,* 161 Pa.Cmwlth. 210, 636 A.2d 310 (1994)(Historic Harrisburg Association, Inc., denied intervention in Vartan's zoning appeal where no evidence in record that the association owned property or any other legally enforceable interest in the vicinity of Vartan's proposed development). *Vartan* is distinguishable from the present case in that here, Atcheson has established in the record that it owns property adjacent to Vartan's proposed development.

6. *See, e.g., Croft v. Board of Supervisors of Middletown Township,* 76 Pa.Cmwlth. 488, 464 A.2d 625 (1983)(applicant sought mandamus relief where it alleged municipality had failed to comply with notice requirements of section 508).

7. *See also, Wilson of Wallingford, Inc. v. Township of Nether Providence,* 85 Pa.Cmwlth. 104, 481 A.2d 692 (1984)(area landowner permitted to intervene under Pa. R.C.P. Nos. 2327 and 2329 because he had petitioned during the pendency of the action without undue delay or prejudice to the trial and to protect his interests).

therefore hold that the Settlement Agreement was illegal and without effect for two reasons: First, the praecipe to settle should not have been granted while a petition to intervene was pending; and two, the Settlement Agreement itself was in contravention of the spirit and the letter of the Municipalities Planning Code.

(Trial Court Opinion at p. 9.)

■ Pursuant to Pa. R.C.P. No. 229(a), prior to trial, the only means by which a plaintiff may voluntarily terminate an action is by [filing] a discontinuance. However, the trial court may "strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa. R.C.P. No. 229(c). This Court will not reverse the trial court's order striking a discontinuance absent an abuse of discretion. *Hopewell v. Hendrie*, 386 Pa. Superior Ct. 264, 562 A.2d 899 (1989), *petition for allowance of appeal denied*, 525 Pa. 618, 577 A.2d 890 (1990).

■ In this case, the trial court properly struck the settlement agreement because Atcheson's petition to intervene in the mandamus action (which the agreement purported to settle), was pending before the court at the time the praecipe to settle was entered. By doing so, the trial court was protecting Atcheson's right to protect its interests in its real property by seeking intervention in the mandamus action by preventing any prejudice to Atcheson as a result of the settlement agreement.

Secondly, the trial court noted that the settlement was in contravention of both the "letter and spirit" of the MPC. Specifically, Section 909.1(b)(2) provides that *"[t]he governing body ... shall have exclusive jurisdiction to hear and render final adjudications in ... [a]ll applications pursuant to section 508 for approval of subdivisions or land developments under Article V."* 53 P.S. § 10909.1(b)(2)(footnote omitted, emphasis added.) Under the Harrisburg Subdivision and Land Development Ordinance, Article 1365.02.5, "City Council at a regular or special legislative session shall approve, conditionally approve, or disapprove the plan."

Vartan and the City cannot circumvent either the MPC or the Harrisburg Subdivision and Land Development Ordinance by a settlement agreement not approved by City Council. Accordingly, we conclude that the trial court properly struck off the settlement agreement between these parties.

Finally, we reach the issue of whether the order denying Atcheson intervention in Vartan's mandamus action is not a final order, therefore allowing us to quash Atcheson's appeal. Having reached the merits of Atcheson's appeal previously in this opinion, we have obviously concluded that the order, although generally interlocutory, may also be considered final for purposes of appeal "where the denial is a practical denial of relief to which the petitioner for intervention is entitled and can obtain in no other way." *Acorn Development Corp.*, 105 Pa.Cmwlth. 138, 523 A.2d 436, 436–37 n. 1. As discussed previously, if Atcheson is not allowed to intervene in the mandamus action, Atcheson's rights as an adjoining landowner will be adversely affected without it having a chance to protect those rights in the appropriate forum. Accordingly, having concluded that the trial court's order denying Atcheson intervention in Vartan's mandamus action is a final and appealable order, we will deny Vartan's motion to quash.

For all of the foregoing reasons, we reverse that part of the trial court's order denying intervention to Atcheson in Vartan's mandamus action, affirm that part of the trial court's order striking off the settlement agreement entered into between Vartan and the City defendants, and deny Vartan's motion to quash Atcheson's appeal.

FRIEDMAN J., did not participate in the decision in this case.

### ORDER

AND NOW, this 3rd day of June, 1996, the part of the Order of the Court of Common Pleas of Dauphin County dated March 23, 1993 denying intervention to Thomas A. Beckley and Mary V. Davis trading as Atcheson Properties in the mandamus action of John O. Vartan, t/a/d/b/a Independent American Investments is reversed; and the part of

the order striking off the settlement agreement entered into between Vartan and the City defendants is affirmed. Vartan's motion to quash the Beckley Appellants' appeal is denied.