**SOCIETY CREATED TO REDUCE
URBAN BLIGHT (SCRUB),
Appellant,**

v.

**ZONING BOARD OF ADJUSTMENT OF
the CITY AND COUNTY OF PHILA-
DELPHIA and Revere National Corpo-
ration.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1996.
Decided Aug. 21, 1996.

Samuel C. Stretton, for Appellant.

Michael S. DiCroce, Fort Washington, for Appellee, Revere National Corp.

Cheryl L. Gaston, Philadelphia, for Appellee, Zoning Board of Adjustment.

Before SMITH and FRIEDMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

The Society Created to Reduce Urban Blight (SCRUB) appeals from the April 25, 1995 order of the Court of Common Pleas of Philadelphia County (trial court) granting the motion of Intervenor Revere National Corporation (Revere) to quash SCRUB's appeal of the Zoning Board of Adjustment of the City and County of Philadelphia's (ZBA's) grant of a "temporary" variance to Revere to erect a billboard less than 660 feet from a proposed right-of-way. The trial court held that SCRUB lacked standing to challenge the grant of the variance.

There are two issues for our review: 1) whether Revere waived its opportunity to

raise an issue as to SCRUB's standing because it failed to object before the ZBA; and 2) whether, due to SCRUB's defective notice of appeal to the trial court, we must remand for a determination of who the proper parties are on appeal. For the reasons set forth in this opinion, we find that Revere waived its right to object to SCRUB's standing. Further, we conclude that we must vacate the trial court's order granting the motion to quash and remand for further evidence and a determination of who the proper parties should be and whether the caption is amendable. If the trial court finds that the caption is amendable, then we direct the court to review the case on its merits.

## BACKGROUND

On February 25, 1993, Revere filed an application with Philadelphia County's Department of Licenses and Inspections (Department) for permission to erect an outdoor advertising sign in a G–2 Industrial District where such signs are permitted. The Department rejected its application, however, because such signs are not permitted within 660 feet of right-of-way lines under Section 14–1604 of the Philadelphia Zoning Code. The right-of-way at issue here is proposed, but not yet "exercised." In other words, no one knows precisely when the Pennsylvania Department of Transportation will commence construction on the right-of-way.

On March 29, 1994, the ZBA held a hearing on Revere's request for a variance from the 660–feet provision. SCRUB opposed the application largely on aesthetic grounds. Also, adjacent landowner and president of Interstate Steel Supply Company Mr. Arnold Bradburd testified as to how the billboard would negatively impact on his property. On April 21, 1994, the ZBA granted the variance until either the right-of-way is exercised or five years pass, whichever occurs first.

On May 17, 1994, SCRUB appealed to the trial court from the ZBA's grant of a variance. The caption of the notice of appeal to the trial court lists SCRUB as Appellant and the ZBA as Appellee. The "Zoning Board of Adjustment" is handwritten above a

scratched out and typewritten "Revere National Corporation."[1]

On or about September 20, 1994, Revere filed a motion to quash that appeal on the grounds that SCRUB violated Section 14–1807 of the Philadelphia Zoning Code. In pertinent part, Section 14–1807 provides that the City of Philadelphia and the applicant before the ZBA, if it is not the appellant, shall be named as appellees in the zoning appeal.

On October 25, 1994, the parties had a telephone conference with the trial court regarding a motion to continue the October 26th argument. At that time, the trial court *sua sponte* raised an issue as to SCRUB's standing. (Appellant's Brief at 6–7, Appellees' Brief at 7.) The parties subsequently briefed that issue to the trial court.

On December 28, 1994, Revere filed a formal motion to amend its motion to quash to include averments that SCRUB lacked standing. The trial court orally granted Revere's motion to amend its motion to quash at the December 21, 1994 argument. (Trial Court's December 21, 1994 Argument, N.T. 14.)

Also at the December 21, 1994 "argument" before the trial court, evidence was received concerning Mr. Bradburd's membership in SCRUB. In his brief to this Court, counsel for SCRUB concedes that, although Mr. Bradburd identified himself at the hearing as president of Interstate Steel Supply Company and as a landowner who owned property adjacent to the proposed billboard, he did not identify himself as a SCRUB member at that time.

On April 25, 1995, the trial court granted Revere's motion to quash based on SCRUB's lack of standing. The court made no mention of the defective notice of appeal in that order.

In its December 7, 1995 opinion in support of the April 25th order, the trial court again did not mention the defective notice of appeal and disposed of the motion to quash due solely to SCRUB's lack of standing. The court stated that SCRUB 1) failed to make a

---

1. In its answer to the motion to quash, counsel for SCRUB alleged that he scratched out Revere and wrote in the ZBA at the direction of the Philadelphia Prothonotary's Office.

record below as to how its interests differ from the common interests of all citizens in procuring obedience to the law; 2) failed to show how it might be harmed by a governmental decision to grant relief from a special restriction on outdoor advertising, as opposed to a general ban; and 3) owned no property near the proposed billboard.

## DISCUSSION

### 1. Standing:

 For several reasons, we find that the trial court erred in determining that SCRUB had no standing. First, given the fact that standing is not jurisdictional[2] and the fact that Revere failed to object to SCRUB's standing before the ZBA, the trial court's sua sponte raising of an issue as to SCRUB's standing did not raise and/or preserve that issue for Revere. *Statewide Building Maintenance, Inc. v. Pennsylvania Convention Center Authority*, 160 Pa. Cmwlth. 544, 635 A.2d 691 n. 13 (1993) (holding that, even though Statewide had no standing to sue, the court could not raise standing sua sponte because standing is not an issue of subject matter jurisdiction and the Authority failed to raise standing in its preliminary objections); *Erie Independence House, Inc. v. Unemployment Compensation Board of Review*, 126 Pa.Cmwlth. 358, 559 A.2d 994 n. 1 (1989) (holding that, even though it appeared that Erie was not an aggrieved party, the court could not raise standing to sue sua sponte because standing is not jurisdictional and the board failed to raise it); *Active Amusement Company v. Zoning Board of Adjustment*, 84 Pa.Cmwlth. 538, 479 A.2d 697 (1984) (holding that applicants for a variance under the Philadelphia Zoning Code waived any objection to Active's standing by failing to raise the issue during the proceeding before the board).[3]

Second, after examining the ZBA hearing transcript, we note that SCRUB did not have an opportunity to develop the record and to elaborate on how it had been aggrieved. At the March 29, 1994 ZBA hearing, adjacent landowner Mr. Arnold Bradburd testified as to why he was opposed to the proposed billboard. Immediately prior to his testimony, SCRUB president and founder Ms. Mary Tracey apparently intended to introduce Mr. Bradburd as a SCRUB member. She was interrupted, however, by a ZBA member at a time when Mr. Bradburd could have developed his membership status with SCRUB.

> MS. TRACEY: Mr. Bailey [Zoning Board Member], I'd like to introduce—
>
> MR. BAILEY: I don't want to stretch it out too long. I just want you to point out where that relatively new housing is. On the right-hand side, there's some relatively new housing there. Where is that located?
>
> MR. BRADBURD: I think I can show you sir.

(ZBA March 29, 1994 Hearing, N.T. 15–16.)

Additionally, among other cases, the trial judge cites *Vartan v. Zoning Hearing Board of the City of Harrisburg*, 161 Pa.Cmwlth. 210, 636 A.2d 310 (1994) for the proposition that SCRUB has no standing. In *Vartan*, where none of the members of the Historic Harrisburg Association, Inc. (the proposed intervenors) owned property near the applicant's property, we held that the trial court did not err in refusing intervenor status to the Association under Section 908(3) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(3). That case is distinguishable for several reasons.

The issue in *Vartan* was *intervention* under the MPC, not *standing* under the Philadelphia Zoning Code. Also, in *Vartan*, we considered whether the trial court had abused its discretion in refusing intervenor

---

2. *Beers v. Unemployment Compensation Board of Review*, 534 Pa. 605, 633 A.2d 1158, 1160–61 n. 6 (1993).

3. *But see Zoning Hearing Board of City of Erie v. Burrows*, 136 Pa.Cmwlth. 689, 584 A.2d 1072 (1990), *petition for allowance of appeal denied*, 527 Pa. 673, 594 A.2d 659 (1991) (court dismissed appeal of zoning hearing board sua sponte on the basis of lack of standing) *and Feigley v. Suomela*, 129 Pa.Cmwlth. 81, 564 A.2d 1032 (1989) (because inmates' status as commonwealth parties went directly to the jurisdiction of this Court, we raised an issue sua sponte as to appellees' standing to challenge the Attorney General's actions).

status. *Acorn Development Corp. v. Zoning Hearing Board of Upper Merion Township,* 105 Pa.Cmwlth. 138, 523 A.2d 436, 437 (1987). Here, the issue is whether SCRUB was "aggrieved" by the ZBA's grant of the temporary variance.

Finally, Section 14–1806(1) of the Philadelphia Zoning Code appears to provide a rather broad standard for standing to appeal.[4] In pertinent part, it provides as follows:

> Any person or persons jointly or severally aggrieved by any decision of the Board or any taxpayer ... may present to a Court of record a petition, duly verified, setting forth that such decision is illegal in whole or in part, specifying the ground of that illegality.

Section 14–1806(1) of the Philadelphia Zoning Code.

For the above reasons, we conclude that the trial court erred in determining that SCRUB had no standing.

## 2. Defective Notice of Appeal:

SCRUB does not dispute that its notice of appeal to the trial court was defective under Section 14–1807 of the Philadelphia Zoning Code; its counsel concedes that SCRUB did not include the City of Philadelphia and Revere as Appellees. At the June 14, 1996 oral argument before this Court, counsel for SCRUB, with commendable candor, raised an issue concerning the notice of appeal he filed with the trial court. Appellees had briefed the notice of appeal issue to this Court.

Also at oral argument before this Court, Counsel for SCRUB represented that the trial court granted him permission to amend the admittedly defective notice of appeal. We were unable, however, to find any place in the record where the trial court formally granted such allowance.

At the December 21, 1994 "argument," the trial court received testimony from adjacent landowner and alleged SCRUB member Mr. Bradburd concerning the issue of SCRUB's standing. The only mention of the notice-of-appeal defect came from counsel for SCRUB who candidly commented on his defective notice. (Trial Court's December 21, 1994 Argument, N.T. 10.) The trial judge stated that he planned to make a decision on the motion to quash within thirty days. Thus, he presumably was still considering Appellees' arguments regarding standing *and* the notice-of-appeal defects and had not yet granted SCRUB permission to amend the notice of appeal.

According to the proof of service of the notice of appeal to the trial court, Counsel for SCRUB served the notice on Revere, the City Solicitor and the ZBA. There is no real dispute that those parties were aware of the fact that SCRUB had filed an appeal from the ZBA and had participated therein. Revere intervened before the trial court. In addition, at oral argument before this Court, the Assistant City Solicitor acknowledged that she appeared before the trial court for both the City *and* the ZBA.[5]

Absent support in the record, however, we simply cannot presume that the trial court decided the defective notice-of-appeal issue. If the trial court did decide the issue, we certainly cannot divine the basis for its determination from the record before us. We note, however, that the trial court has discretion to find that the caption is amendable. *Estate of Gasbarini v. Medical Center of Beaver County, Inc.,* 487 Pa. 266, 409 A.2d 343 (1979).

## CONCLUSION

For the above reasons, we conclude that SCRUB has standing. Further, having found that there may be an error in naming the proper parties on appeal, we hereby vacate the trial court's order granting the motion to quash and remand for further evi-

---

4. The Philadelphia Zoning Code appears to have a more liberal standard for standing than that found in Section 913.3 of the MPC, 53 P.S. § 10913.3.

5. The caption of the December 21, 1994 argument transcript lists Appellees as the ZBA and the City. The "Appearances" sheet of the transcript lists Samuel Stretton as counsel for Appellants, Cheryl L. Gaston, Assistant City Solicitor, as counsel for the Appellees and Claudia M. Becker as counsel for Revere.

dence and a determination of who the proper parties should be and whether the caption is amendable. If the trial court finds that the caption is amendable, then we direct the court to review the case on its merits.

### ORDER

AND NOW, this 21st day of August, 1996, the order of the Court of Common Pleas of Philadelphia County dated April 25, 1995 is hereby vacated and we remand for further evidence and a determination of who the proper parties should be and whether the caption is amendable.

Jurisdiction relinquished.

FRIEDMAN, J., concurs in the result only.