915 A.2d 713 (2007)
Donald and Robin ATTICKS
v.
LANCASTER TOWNSHIP ZONING HEARING BOARD Appeal of Francis Orzech, Lucie Orzech, Steven D. Crognale, Patricia Crognale, Roy Shipman, Joann Shipman, Robert Waldeck, Ellen Waldeck, Zoran Milovanovich and Nina Milovanovich.
Commonwealth Court of Pennsylvania.
Argued December 11, 2006.
Decided January 18, 2007.
*714 Matthew J. Creme, Jr., Lancaster, for appellants.
*715 Darryl J. Liguori, Harrisburg, for appellees, Donald and Robin Atticks.
BEFORE: SMITH-RIBNER, Judge, and PELLEGRINI, Judge (P.), and FRIEDMAN, Judge.
OPINION BY Judge FRIEDMAN.
Francis Orzech, Lucie Orzech, Steven D. Crognale, Patricia Crognale, Roy Shipman, Joann Shipman, Robert Waldeck, Ellen Waldeck, Zoran Milovanovich and Nina Milovanovich (Neighbors) appeal from the part of the June 1, 2006, order of the Court of Common Pleas of Lancaster County (trial court) denying their Petition for Leave to Intervene (Petition) in the land use appeal filed by Donald and Robin Atticks (the Atticks). We reverse and remand.
The Atticks own and reside at 148 Bentley Lane (Property) which is located in a R-S Residential District in Lancaster Township (Township). Pursuant to the Township Zoning Ordinance (Ordinance), major home occupations are allowed by special exception in R-S Residential Districts. The Atticks applied for a special exception pursuant to section 1803.6.B of the Ordinance, seeking approval to operate a home occupation at the Property in the nature of a beauty salon (Salon).[1]
At a hearing held before the Lancaster Township Zoning Hearing Board (ZHB), Mrs. Atticks expressed her reasons for wanting to open the Salon and testified about the details of the proposed home occupation, such as the number of anticipated customers, the number of available chairs and how much of her home would be devoted to the Salon. (See ZHB's Findings of Fact, Nos. 7-10.) Testifying on behalf of the Township, the Township Zoning Officer stated that she did not believe that the proposed Salon was permitted as a home occupation under the Ordinance. (See ZHB's Findings of Fact, Nos. 1-4.) After being granted party status,[2] several Neighbors testified, expressing their concerns regarding, inter alia, parking requirements, the safety of the neighborhood children due to the likely increase *716 in traffic and the precedent of allowing a "non-passive" home business in the neighborhood. (See ZHB's Findings of Fact, No. 11.)
After considering the evidence, the ZHB denied the Atticks' application, reasoning that the Atticks: (1) did not establish that the proposed Salon was a minor home occupation; (2) failed to comply with the criteria for a major home occupation pursuant to the Ordinance because they could not provide the requisite off-street parking;[3] and (3) provided no credible testimony pertaining to the proposed Salon's impact on the sewage capacity of the Property.[4] (ZHB's Conclusions of Law, Nos. 4, 6, 9-11.)
The Atticks appealed the ZHB's decision to the trial court, and Neighbors filed their Petition. The trial court concluded that Neighbors had legally enforceable interests at stake in the Atticks' appeal that were not otherwise adequately represented; nevertheless, the trial court denied Neighbors' Petition. Relying on this court's decision in Cherry Valley Associates v. Stroud Township Board of Supervisors, 109 Pa.Cmwlth. 246, 530 A.2d 1039 (1987), appeal denied, 520 Pa. 598, 552 A.2d 253 (1988), the trial court reasoned that the Atticks' appeal was not the proper forum for Neighbors to assert their own private interests. (Trial court op. at 2.) The trial court then addressed the merits of the Atticks' appeal, reversed the ZHB's decision and granted the special exception, allowing the Atticks to operate the proposed Salon subject to various conditions. Neighbors now appeal from the trial court's decision to deny their Petition.[5]
As a threshold issue, the Atticks assert that Neighbors' appeal should be dismissed as moot. The Atticks point out that for an appellate court to grant an appeal, an actual case or controversy must exist at all stages of appellate review. Commonwealth v. Ahlborn, 453 Pa.Super. 124, 683 A.2d 632 (1996), aff'd, 548 Pa. 544, 699 A.2d 718 (1997). The Atticks claim that because the trial court has ruled on the merits of their appeal, there is no longer any case or controversy for the court to review. We disagree.
An order denying intervention does not dispose of all parties and all claims. Thus, it is not a "final order" appealable as of right under Pa. R.A.P. 341; rather, it is an interlocutory order that only may be appealed by permission under Pa. R.A.P. 312 or as a collateral order pursuant to Pa. R.A.P 313. See Pa. R.A.P. 341 note; Watson v. City of Philadelphia, 665 A.2d 1315 (Pa.Cmwlth.1995).
Here, Neighbors did not choose to pursue an appeal from the interlocutory order; instead, they waited until the trial court issued its final order and then appealed that part of the order denying their Petition. We reject the Atticks' argument that Neighbors' decision to postpone their appeal rendered that appeal moot. To the contrary, this court recognized the fallacy *717 of such argument in Cogan v. County of Beaver, 690 A.2d 763, (Pa.Cmwlth.), appeal denied, 548 Pa. 661, 698 A.2d 68 (1997). In that case, we rejected the proposed intervenor's argument that its claims would be irreparably lost if interlocutory review was denied, stating:
[the proposed intervenor] . . . is correct that trial court proceedings in which it seeks to intervene will be ended if its appeal is postponed until after the entry of a final order; however, that is true for postponement of review of any denial of a petition to intervene. If it were determined on appeal that [the proposed intervenor] was entitled to intervene, the Court could order the remedy of a new trial with [the intervenor's] participation.
Id. at 766 (emphasis added). Thus, we will not dismiss Neighbors' appeal based on mootness. Id.
The Atticks also argue that Neighbors' appeal should be dismissed because they failed to serve and file a designation of the contents of the reproduced record, in violation of the Pa. R.A.P. 2154.[6] The Atticks contend that, as a result of Neighbors' noncompliance, the Atticks lost their opportunity to include essential information in the reproduced record.[7] However, a review of the file and the original record reveals that: (1) Neighbors filed and served the Atticks and the court with their brief and reproduced record on August 28, 2006; (2) Neighbors filed an application for leave to file designation of reproduced record nunc pro tunc on October 20, 2006; and (3) this court granted Neighbors' application in an order dated October 24, 2006, holding that Neighbors' designation of reproduced record, filed on October 20, 2006, was timely filed. Thus, we also reject the Atticks' request to dismiss Neighbors' appeal on this basis.
Neighbors' sole issue on appeal is whether the trial court erred in relying on Cherry Valley to deny their Petition where the trial court concluded that Neighbors had legally enforceable interests in the Atticks' appeal that were not adequately represented by the ZHB.
A neighboring landowner is not granted automatic party status in an appeal from a ZHB decision, despite the fact that the neighbor participated as a party before the ZHB. Vartan v. Zoning Hearing Board of the City of Harrisburg, 161 Pa.Cmwlth. 210, 636 A.2d 310 (1994). In order to participate at the trial court level, the neighbor must intervene pursuant to section 1004-A of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, as amended, added by section 101 of the Act of December 21, *718 1988, P.L. 1329, 53 P.S. § 11004-A, which provides, in relevant part, that the intervention by owners of property not directly involved in the land use appeal shall be governed by the Pennsylvania Rules of Civil Procedure. Id.
Pa. R.C.P. No. 2327(4) identifies persons who may intervene in court actions, stating in pertinent part:
[a]t any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if. . . .
. . . .
(4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.
Pa. R.C.P. No. 2327(4) (emphasis added.) Pa. R.C.P. No. 2329(2) provides that a court may deny a petition to intervene if, inter alia, the interest of the petitioner is adequately represented by another participant.
There is no question that Neighbors have satisfied the requirements of Pa. R.C.P. No. 2327(4). In fact, the Atticks do not challenge the trial court's holding that Neighbors had legally enforceable interests in the Atticks' appeal.[8] (Trial ct. op. at 2.) Accordingly, the remaining questions here are whether the ZHB adequately represented Neighbors' interests and whether the trial court properly relied on Cherry Valley to dismiss Neighbors' Petition.
With regard to the first question, the Atticks take the position that the ZHB adequately represents Neighbors' legally enforceable interests before the trial court because Neighbors and the ZHB asserted the same or similar issues. Although we understand the Atticks' position, we also recognize that the ZHB cannot represent these interests beyond the trial court level because the ZHB is precluded from appealing the trial court's decision. It is well-settled that, although a ZHB has standing to defend a decision of a lower court in its favor before a higher appellate court, it has no standing to seek a reversal of that decision. Department of General Services v. Ogontz Area Neighbors Association, 505 Pa. 614, 483 A.2d 448 (1984); Valley Forge Plaza Associates v. Upper Merion Township Zoning Hearing Board, 141 Pa.Cmwlth. 686, 596 A.2d 1201 (1991); Robert S. Ryan, Pennsylvania Zoning Law and Practice § 9.5.6 (1993). Moreover, the Township would not have standing to appeal from the trial court's decision because the Township was not a party, either as an appellant or an intervenor, before the trial court. Zoning Hearing Board of the City of Erie v. Burrows, 136 Pa.Cmwlth. 689, 584 A.2d 1072 (1990), appeal denied, 527 Pa. 673, 594 A.2d 659 (1991). Accordingly, we agree with the trial court that Neighbors' legally enforceable interests are not adequately represented by the ZHB because, absent the Neighbors' intervention, there would be no party with standing to appeal the trial court's decision finding against Neighbors' interests.
*719 Next, we consider whether the trial court properly relied on Cherry Valley to dismiss Neighbors' Petition. In Cherry Valley, the trial court denied the petition to intervene filed by a group of property owners in the vicinity of a proposed planned unit, concluding that the intervenors did not have the requisite legally enforceable interest to intervene under Pa. R.C.P. No. 2327(4) and that, even if they did have such interests, those interests would be adequately represented by the Township's board of supervisors. This court upheld the trial court's determination on appeal, agreeing that the intervenors' alleged legally enforceable interests were adequately represented by the board.[9]Cherry Valley. In doing so, we also rejected the proposed intervenors' assertion that, because they were asserting their private interests, they were not adequately represented by the board of supervisors. In fact, we concluded that the aggrieved developer's appeal from the denial of a conditional use permit was not the proper forum for the proposed intervenors to assert their private interests. Id.
The present case can be readily distinguished from the situation in Cherry Valley. Here, in contrast to Cherry Valley, the trial court held that Neighbors did have legally enforceable interests in the Atticks' appeal. Further, the trial court properly determined that those interests were not adequately represented by the ZHB. Thus, the trial court improperly relied on Cherry Valley to deny the Petition.
Accordingly, we reverse the trial court's dismissal of Neighbors' Petition. In addition, we vacate the trial court's June 1, 2006, order to the extent that it reverses the decision of the ZHB, and we remand for further proceedings with instructions to allow Neighbors to participate.

ORDER
AND NOW, this 18th day of January, 2007, the order of the Court of Common Pleas of Lancaster County (trial court), dated June 1, 2006, is hereby reversed to the extent that it denies the Petition to Intervene filed by Francis Orzech, Lucie Orzech, Steven D. Crognale, Patricia Crognale, Roy Shipman, Joann Shipman, Robert Waldeck, Ellen Waldeck, Zoran Milovanovich and Nina Milovanovich (Neighbors). That order is vacated to the extent that it reverses the decision of the Lancaster Township Zoning Hearing Board, and the matter is remanded to the trial court for further proceedings in accordance with the foregoing opinion.
Jurisdiction relinquished.
NOTES
[1] Minor home occupations listed in sections 1803.3.A(1)-(18) of the Ordinance are permitted as of right in a R-S Residential District. Beauty shops are not included in that list. Major home occupations include any listed minor home occupation that exceeds specified standards and any home occupation meeting the definition of major home occupation in Article II of the Ordinance. Sections 1803.3.B(1)-(2) of the Ordinance. (O.R., Item 2 at 147-48.)

Section 201 of the Ordinance defines a major home occupation as an occupation that: (1) has no exterior evidence of the home occupation with the exception of signs permitted by the Ordinance; (2) is conducted within a single family dwelling; (3) accommodates the off-street parking needs of both the dwelling and the home occupation; and (4) involves or employs no more than one person who is not a family member residing on the premises. (O.R., Item 2 at 92.)
Sections 1803.4.A-T of the Ordinance lists certain uses that, by their nature, are unsuited to residentially-zoned areas and, thus, are not permitted as home occupations in residential districts. Section 1803.4.E of the Ordinance specifically excludes health salons, gyms, dance studios, aerobic exercise studios and massage parlors from the definition of home occupations. Although beauty salons are not expressly included in this list, section 1803.4.U of the Ordinance is a catch-all provision which also prohibits "[o]ther similar uses which may, in the opinion of the Zoning Officer, result in the adverse impact on a residential neighborhood." (See O.R., Item 2 at 147-48.)
[2] The ZHB granted party status to Neighbors, reasoning that because of the layout of the neighborhood, the proposed Salon would impact those living on Bentley Lane. Bentley Lane is a circular roadway with one point of access on Millersville Pike. The Neighbors are owners of residential property located on Bentley Lane, some of which is adjacent to or across the street from the Atticks' Property.
[3] Section 1601 of the Ordinance requires that adequate off-street parking and loading facilities be provided for each use of land based on the demand created by each use and that the parking requirements shall apply to all uses in all districts. (O.R., Item 2 at 142.)
[4] Section 1803.5.I of the Ordinance prohibits the illegal discharge of materials, fluids, or gases into the sewage disposal facilities or in any other manner that would be in violation of any applicable governmental law, rule or regulation. (O.R., Item 2 at 148.)
[5] Our scope of review from the denial of a petition to intervene is limited to determining whether the trial court abused its discretion or committed an error of law. Vartan v. Reed, 677 A.2d 357 (Pa.Cmwlth.1996). Whether or not a party will be allowed to intervene in an action is within the discretion of the trial court. Id.
[6] Pa. R.A.P. 2154 requires that an appellant designate the parts of the record which the appellant intends to reproduce; if the appellee deems it necessary to direct the court's attention to parts of the record not designated by the appellant, the appellee designates those omissions, and the appellant must then include them in the reproduced record. If an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by the rules, an appellee may move for dismissal of the matter. Pa. R.A.P. 2188.
[7] Neighbors argue that the Atticks were not prejudiced by their failure to file their designation of reproduced record because the Atticks had a copy of the reproduced record and could have filed a supplemental reproduced record with the court, pursuant to Pa. R.A.P. 2156 (allowing an appellee under exceptional circumstances to prepare, serve and file a supplemental reproduced record setting forth the portions of the record designated by the appellee). We agree with Neighbors. Moreover, we note that the original record contains the transcript from the hearing before the ZHB, which is the "essential information" that the Atticks sought to include in the reproduced record. (See the Atticks' brief at 9.)
[8] Here, Neighbors have legally enforceable interests in the appeal because they own property that adjoins or is in the vicinity of the Atticks' proposed Salon. See e.g. Vartan v. Zoning Hearing Board of the City of Harrisburg, 161 Pa.Cmwlth. 210, 636 A.2d 310 (1994) (holding that a homeowners association could not intervene because it did not own property or any other legally enforceable interest in the vicinity of the proposed development); Acorn Development Corporation v. Zoning Hearing Board of Upper Merion Township, 105 Pa.Cmwlth. 138, 523 A.2d 436 (1987) (same), appeal denied, 517 Pa. 632, 539 A.2d 813 (1988).
[9] Because we concluded that any interests that the proposed intervenors had were adequately represented by the board, we did not address whether the proposed intervenors' interests were, in fact, legally enforceable. Cherry Valley.