J-A02024-22

2022 PA Super 44

MICHELE LOFTUS AND RICHARD
LOFTUS, HER HUSBAND

       v.

KATRINA DECKER

APPEAL OF: EASTERN ALLIANCE
INSURANCE GROUP

: IN THE SUPERIOR COURT OF
:      PENNSYLVANIA
:
:
:
:
:
:
:
:
: No. 611 WDA 2021
:
:
:

Appeal from the Order Entered April 23, 2021
In the Court of Common Pleas of Indiana County Civil Division at No(s):
11725 CD 2020

BEFORE:  OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.:          **FILED: MARCH 10, 2022**

Eastern Alliance Insurance Group (Eastern Insurance), a workers'
compensation carrier, appeals from an order of the Court of Common Pleas of
Indiana County (trial court) denying its petition to intervene in an action
commenced by a praecipe for writ of summons filed by Michele Loftus (Loftus)
and her husband, Richard Loftus (Richard) (collectively, the Loftuses) against
Katrina Decker (Decker).  It sought to intervene and file a complaint on behalf
of Loftus to seek damages out of which it can satisfy its statutory lien for
compensation it paid on behalf of Loftus's employer.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

Because a praecipe for writ of summons contains no facts, the allegations about what this case is about are taken from Eastern Insurance's petition to intervene. That petition alleges that Loftus, while in the course of her employment as a bus driver for one of its insureds, sustained injuries in a motor vehicle accident that was purportedly caused by Decker, the driver of the other vehicle. As a result of that incident, it alleges that it paid Loftus on behalf of her employer $196,093.34 in workers' compensation benefits that is a statutory lien against any recovery that Loftus may obtain from Decker.

Loftus settled her workers' compensation claim with Eastern Insurance on May 14, 2020. The settlement agreement provided that:

> Employer/Carrier retains its absolute right to statutory subrogation pursuant to Section 319 of the Workers' Compensation Act, [77 P.S. § 671,] as amended. Claimant understands that in the event of a third-party recovery, Employer/Carrier is subrogated for all workers' compensation benefits it paid to [Loftus] or on Claimant's behalf, including the amount of this settlement, with no lien waiver as agreed upon by the Claimant. It shall be the responsibility of Claimant to notify [Appellant] of any third-party recovery either by settlement or trial and to satisfy [Appellant's] statutory subrogation claim from the proceeds of any third-party recovery within thirty (30) days of receipt of any recovery.

Petition to Intervene, ¶ 17. Loftus has filed a writ of summons against Decker and Eastern Insurance has notified both Loftus and Decker of its workers' compensation subrogation lien.

Even though only a praecipe for writ of summons has been filed, Eastern Insurance contends that it should be permitted to intervene because it is

necessary to protect its workers' compensation lien because the Loftuses refuse to take the $25,000 insurance policy that Decker's insurance company has offered and are threatening to "walk away" and not seek recovery against Decker unless Eastern Insurance agrees to compromise its lien rights. Eastern Insurance stated that it is necessary for it to intervene to "prosecute this matter and protect its statutory lien rights, which are not adequately represented by [the Loftuses] or [Decker]." Petition to Intervene, ¶ 23.

Attached to the petition to intervene is a civil action complaint listing Loftus alone as the plaintiff and sets forth allegations that Decker was legally responsible for the accident and subject to damages. Eastern Insurance is not named as a party to the action, only being listed in a fact paragraph in the proposed complaint as a lien holder.

The trial court denied Eastern Insurance's intervention, reasoning that since no complaint had been filed by the Loftuses, "there are no verified allegations of facts supporting the cause of action, and, in fact, no cause of action has been alleged." R. 211a. Trial Court Order, 4/23/2021, at 1. Additionally, the trial court noted that intervention could not be granted under Pa.R.C.P. 2327 because, in the absence of a complaint, no judgment could be entered in the action and it was, therefore, impossible for Eastern Insurance to demonstrate the existence of a legally enforceable interest that intervention would protect. *See* 1925(a) Opinion, 7/6/2021, at 1-3.

The trial court went on to opine that Eastern Insurance could not establish a right to appeal the denial of intervention under Pa.R.A.P. 313(b), which makes a collateral order immediately appealable where the denial of the appeal would cause a right to be "irretrievably lost." That is, without a complaint or the possibility of an adverse judgment, Eastern Insurance was "acting as a catalyst in the matter," not protecting an extant right that could be lost if the right to appeal was denied. ***Id.*** at 2-3.

Eastern Insurance filed the instant timely appeal. Both Eastern Insurance and the trial court have complied with Pa.R.A.P. 1925.

## II.

Because it implicates our jurisdiction, we must first address whether this appeal should be quashed because it is an appeal from a collateral order doctrine pursuant to Rule 313(b) of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 341(b)(1) provides that "a final order is any order that disposes of all claims and of all parties." In general, "an appeal will not lie from an order denying intervention, because such an order is not a final determination of the claim made by the would-be intervenor." ***First Commonwealth Bank v. Heller***, 863 A.2d 1153, 1155 (Pa. Super. 2004) (citation omitted).

An appeal is still permitted if the order is an appealable collateral order. Pa.R.A.P. 313(b) defines a collateral order as one that: "1) is separable from and collateral to the main cause of action; 2) involves a right too important to

be denied review; and 3) presents a question that, if review is postponed until final judgment in the case, the claim will be irreparably lost." Absent satisfaction of all three prongs of the collateral order test, this Court has no jurisdiction to consider an appeal of an otherwise non-final order. *See Spanier v. Freeh*, 95 A.3d 342, 345 (Pa. Super. 2014). In *Bogdan v. Am. Legion Post 153 Home Ass'n*, 257 A.3d 751, 755-756 (Pa. Super. 2021) (citation omitted), we explained that:

> For the first prong of the analysis under Pa.R.A.P. 313(b), a court must determine whether the issue(s) raised in the order are separable from the central issue of the ongoing litigation. Under the second prong, in order to be considered too important to be denied review, the issue presented must involve rights deeply rooted in public policy going beyond the particular litigation at hand. An issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significantly relative to the efficiency interests sought to be advanced by the final judgment rule. Furthermore, with regard to the third prong of the analysis, our Supreme Court explained that whether a right is adequately vindicable or effectively reviewable, simply cannot be answered without a judgment about the value interests that would be lost through rigorous application of a final judgment requirement.

Eastern Insurance contends that it has met Pa.R.A.P. 313(b)(1)'s standards for collateral review because (1) the denial of intervention, to protect subrogation rights, is peripheral to the ultimate resolution of any claim the Loftuses filed against Decker; (2) a workers' compensation carrier's right of subrogation is protected by statute and its right to recover its statutory lien is too important to be denied review; and (3) the averments of Eastern Insurance's petition to intervene, if credited, establish that intervention is the

only way to protect Eastern Insurance's subrogation rights because the Loftuses threatened to abandon their cause of action, thereby defeating Eastern Insurance's subrogation rights.

We agree that Eastern Insurance has satisfied the first prong because the denial of intervention seeking to protect subrogation "rights" is peripheral to the ultimate resolution of any claim the Loftuses file against Decker. *See*, *e.g.*, *Bogdan*, 257 A.3d at 756 (concluding that an underwriter's right to intervene was peripheral to a declaratory judgment action that would resolve coverage issues). However, underlying its argument that it has met the second and third prong is that it has a "right," a "legally enforceable interest," to force Loftus to seek recovery against Decker, the third-party tortfeasor, to protect its statutory subrogation rights. Because that issue is determinative as to whether it meets the second and third prongs that must be met for there to be an appealable collateral order is the same as whether there is a "legally enforceable interest" justifying intervention,[1] we will defer deciding whether this is an appealable collateral order until we address that issue in the merits.[2]

_____

[1] Pa.R.C.P. No. 2327 (4) provides that, "At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if: (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action."

[2] Eastern Insurance contends that the trial court erred without holding a hearing required by Pa.R.C.P. 2329. Ignoring whether it failed to comply with Rule L-211 of the Indiana County Local Rules of Civil Procedure ("Any
*(Footnote Continued Next Page)*

### III.

### A.

Eastern Insurance contends that the trial court erred in holding that until a complaint is filed, intervention cannot be granted. It contends that because Pa.R.C.P. 1007(1) provides that an action can be commenced by praecipe for writ of summons, and Pa.R.C.P. 2327 provides that "[a]t any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, . . . . ," makes intervention allowable.

A praecipe for writ of summons contains no facts and is filed by a plaintiff with the Prothonotary containing a single sentence to the named defendant(s) stating, "You are hereby notified that _ (Name(s) of Plaintiff(s)) has (have) commenced an action against you." Pa.R.C.P. No. 1351. It should be served within 30 days of issuance of the writ. Pa. R.C.P. 401. Even if served, the defendant is not required to respond. The only purpose of the praecipe is "to provide certainty as to the commencement of an action and to remove a subsequent failure to effect service from consideration in determining whether the statute of limitations has been tolled." *Lamp v. Heyman*, 366 A.2d 882, 886 (1976).

---

contested motion requiring an evidentiary hearing shall be scheduled by the Court Administrator at the request of a party.") or that it failed to preserve the issue of a hearing in its Statement of Matters Complained of on Appeal filed with the trial court, the trial court decided the issue as a matter of law requiring no factual hearing was necessary.

Because a writ of summons is only to serve that purpose and because there are no facts contained in plaintiff's one sentence writ of summons, we agree with the trial court that there is insufficient facts for an analysis to be made as to whether intervention is proper under Pa.R.C.P. 2327. To hold otherwise would allow the proposed intervenor to plead what is plaintiff's cause of action(s), what facts support that cause of action and what relief plaintiff is seeking, and then state why those facts that it alleged on behalf of plaintiff justify its intervention based on the facts and interests it pleads. In other words, if that were the case, it gets to deal the cards and play both the house and the player's hand.[3]

Not only would an analysis of the intervention factors be impossible, it would affect the orderly processing of the case in that the first "real" pleading in the case would not be that of the plaintiff or defendant but of a stranger to the action, not to mention how such intervention at such an early stage affects the defendant's rights. **See** III, *infra*.

---

[3] No case can be found where anyone has even attempted to intervene where only a praecipe for writ of summons has been filed. However, though not directly on point, it has been held that preliminary objections cannot be filed to a writ of summons to challenge venue. **Keller v. LaBarre**, 311 A.2d 683, 684 (Pa. Super. 1973). That includes where the defendant is challenging a defect in a writ of summons or its service; that can only occur when the complaint is filed. **Hoeke v. Mercy Hospital of Pittsburgh**, 386 A.2d 71 (Pa. Super. 1978). **See also Sikirica v. Nationwide Ins. Co.**, 416 F.3d 214, 223 (3d. Cir. 2005). A writ of summons is not the "initial pleading" that triggers the 30–day period for removal under the first paragraph of 28 U.S.C. § 1446(b).

Accordingly, the trial court did not abuse its discretion in denying intervention because until the plaintiff files a complaint setting forth the cause of action it wants to plead and making the intervention analysis required by Pa.R.C.P. 2327-2328 possible, intervention is not permitted.

**B.**

While the above dealt with whether intervention in general is permitted where only a praecipe for writ of summons has been filed, even if it were to be permitted and the facts Eastern Insurance alleges in the petition to intervene are taken as true, intervention is still not permissible.

There is no doubt that Eastern Insurance, as assignee of the employer, has the right to subrogation to any amounts received from a third party who caused the compensable work injury. Section 319 of the Workers' Compensation Act, 77 P.S. § 671, provides:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer **shall be subrogated to the right of the employe**, his personal representative, his estate or his dependents, **against such third party** to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the

employer on account of any future installments of compensation. (Emphasis added.)

However, that is not the right Eastern Insurance is advancing in this case; what it is advancing is something different – it contends that it has a legally enforceable interest that gives it the right to pursue litigation against a third-party tortfeasor and obtain a judgment from which it can satisfy its subrogation lien.

Our Supreme Court, in two rather recent cases, has addressed that issue and held that Section 319 of the Workers' Compensation Act does not give a party any right, directly or indirectly, to take any action against a third-party tortfeasor because Section 319 provides that only the employee can bring or decide to seek damages against the tortfeasor. Simply, an insurer has no right to seek a recovery, nor can it force an employee to seek recovery to satisfy a workers' compensation statutory lien.

The first of the cases holding that Eastern Insurance has no right to bring any proceeding to attempt to protect its statutory lien and where an employee is under no such obligation to do so is **_Liberty Mutual Ins. Co. v. Domtar Paper Co._**, 113 A.3d 1230 (Pa. 2015). In that case, the employee did not pursue a claim against the third-party tortfeasor, refusing all attempts both by employer and its insurer for him to do so. The employer then directly filed a complaint against the third-party tortfeasor alleging negligence resulting in injury to the employee. In response, the third-party tortfeasor

asserted that the insurer had no right to file an independent claim for damages on behalf of the injured employee who did not file an action.

Affirming this court,[4] our Supreme Court held that under Section 319, an insurance carrier has "no independent cause of action for indemnification/contribution from the negligent party who caused the insurance carrier to pay the injured employee benefits." *Id.* at 1239. Citing with approval cases previously decided by this court,[5] it held that the action against the third-party tortfeasor must be brought by the injured employee. It then stated:

> Section 319 of the Workers' Compensation Act does not allow carriers the right to bring a direct cause of action against a third-party tortfeasor in order to pursue subrogation. Instead, a carrier's right of subrogation under **Section 319 must be achieved through a single action brought in the name of the injured employee or joined by the injured employee**. Because the claimant did not file suit against the third-party tortfeasor and because the carrier did not name the claimant in the underlying third party action, the carrier's action was dismissed. (Emphasis added.)

*Id.* at 1240.

Next, in ***Hartford Ins. Group on behalf of Chunli Chen v. Kamara***, 199 A.3d 841 (Pa. 2018), our Supreme Court again addressed the issue of

---

[4] ***Liberty Mut. Ins. Co. v. Domtar Paper Co.***, 77 A.3d 1282 (Pa. Super. 2013).

[5] ***See Whirley Indus., Inc. v. Segel***, 462 A.2d 800 (Pa. Super. 1983); ***Reliance Insurance Company v. Richmond Machine Company***, 455 A.2d 686 (Pa. Super. 1983).

whether an insurer could bring an action against a third-party tortfeasor if it did not file it directly but filed the action on behalf of the employee. Once again, it held, "that unless the injured employee assigns her cause of action or voluntarily joins the litigation as a party plaintiff, the insurer may not enforce its statutory right to subrogation by filing an action directly against the tortfeasor." *Id.* at 841.

In that case, an employee of a rental car company was hit by a car driven by a third-party driver while standing in her employer's parking lot. The employee did not want to participate in a third-party case against the driver. Because *Domtar* left open the possibility that an insurer could pursue a viable cause of action against a third-party tortfeasor if the insurer initiated litigation "in the name of" or "on behalf of" a claimant, the insurer filed its complaint against the third-party tortfeasor as "The Hartford Insurance Group on behalf of [the claimant]" and captioned the plaintiff in the complaint as "The Hartford Insurance Group on behalf of [employee.]." We held that because the carrier captioned the complaint "on behalf of" the employee rather than "as insurer of" the employee, the carrier was permitted to continue to pursue its claims against the third-party tortfeasor. *Kamara*.

In reversing our decision, our Supreme Court held that an insurer's subrogation rights against a third-party tortfeasor remain "in the injured employee" unless the injured employee "assigns her cause of action or voluntarily joins the litigation as a party plaintiff or the contractual assignment

of her claim." 199 A.3d at 841. It went on to state that, "an employer or workers' compensation carrier cannot seize the injured employee's cause of action against the tortfeasor by merely captioning the complaint on behalf of the employee and/or by including in the complaint independent claims of the employee in addition to the claim for subrogation of workers' compensation benefits." *Id.* at 849. It stated the right of recovery flows exclusively through the employee's decision alone, and a claim must be brought with the employee's "participation" and that there is no "authority, statutory or otherwise, permitting an [insurer] to pursue [employee's] cause of action against Tortfeasor without [employee's] voluntary participation as a party plaintiff or the contractual assignment of her claim." *Id.* In concluding, it stated:

> Under these circumstances, we find it apparent that sanctioning a workers' compensation carrier to pursue litigation of the injured employee merely by captioning the complaint as "on behalf of" the employee and including a bald assertion seeking any recovery due the employee, contravenes the very jurisprudence establishing that it is the injured worker who retains the cause of action against the tortfeasor. It is for these reasons that we reiterate our holding in *Domtar Paper* and clarify that absent the injured employee's assignment or voluntary participation as a party plaintiff, the insurer may not enforce its Section 319 right to subrogation by filing an action directly against the tortfeasor.

*Id.* at 853.

What *Domtar* and *Kamara* teach us is that:

- Section 319 of the Workers' Compensation Act only permits an employee to bring an action against a third-party tortfeasor;

- 13 -

- under the aforesaid provision, the employee is under no obligation to protect an employer's lien rights;

- the employer cannot bring a civil action in its own name or "in the name of the employee" to satisfy its statutory lien unless the employee "voluntarily" participates in the action; and

- an employer may be able to have an employee's rights against a third party as part of a compromise and release agreement to settle a workers' compensation claim.

Eastern Insurance does not dispute that it cannot independently seek to recover its statutory lien against the third-party tortfeasor to satisfy its workers' compensation lien, absent an assignment of rights from the injured worker, which it admittedly does not have. Instead, it contends that it can intervene and file a complaint because it is not independently seeking to recover its liens but is just intervening in the existing action commenced by the Loftuses' praecipe for writ of summons.

By making this argument, Eastern Insurance is attempting to obfuscate that it is using the guise of intervention to mask that it is impermissibly attempting to "seize" the litigation and is seeking independently to bring an action to recover its lien. That argument is directly contrary to both **Domtar** and **Kamara** for the following reasons.

First, as Eastern Insurance acknowledges, an employer/carrier has no right to independently bring an action against a third-party tortfeasor and cannot bring such an action "in the name of the third-party." Eastern Insurance proposes to file a complaint in the employee's name, but this is in

effect no different than filing a complaint "in the name of" the employee/plaintiff, which *Kamara* expressly prohibits.

Second, the effect of allowing intervention naming Loftus as the plaintiff is the same as allowing the insurer to maintain an independent action in its own name to recover the lien. Pa.R.C.P. 2330(a) provides that, "the intervener shall have all the rights and liabilities of a party to the action," which means that it had filed the complaint in its own name, which *Domtar* prohibited.

Third, *Kamara* requires the employee to "voluntarily" participate in any litigation directed at satisfying a subrogation lien. In this case, there is anything but voluntary participation on the part of the Loftuses, who have exercised their right to file nothing but a praecipe containing no claims or factual allegations; Eastern Insurance is attempting to highjack the litigation by filing a complaint naming the Loftuses as the plaintiffs over their objection and alleging facts that the Loftuses have not certified.

Fourth, Eastern Insurance's argument that intervention is necessary to protect its statutory lien because Loftus is threatening to abandon the litigation is unavailing because both *Domtar* and *Kamara* held that an employee under Section 319 is under no obligation to protect an insurance carrier's subrogation lien.

Finally, in both *Domtar* and *Kamara*, it was third-party tortfeasors opposing those insurers bringing an action against them to collect their

workers' compensation lien. In those cases, it held that because only the employee controls the action, it must be brought by the employee or with his or her voluntary participation. In this case, Eastern Insurance's petition is a functional equivalent of filing a rule by the defendant tortfeasor to file a complaint. The net effect is not only is Eastern Insurance seeking to take away the Loftuses' control of litigation, it is also seeking to take from Decker her rights under the Rules of Civil Procedure to rule or not rule for the Loftuses to file a complaint, possibly subjecting her to liability where there may be none if the Loftuses do not file a complaint. Just as only the employee has the right to bring the action, only the defendant has the right to force that a complaint be filed.[6]

As we stated in our discussion in Part II, whether Eastern Insurance had a "right" that needed to be protected for it to be an appealable collateral order was dependent on whether it had a "legally enforceable interest" to intervene. Because we have determined that it does not have a legally enforceable interest to file on its own behalf or otherwise force an employee to force a complaint against a third-party tortfeasor to protect its subrogation order, the

_____

[6] Pa.R.C.P. 1037 (a) provides that, "If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros."

- 16 -

order denying intervention is not an appealable collateral order. Accordingly, Eastern Insurance's appeal is quashed.

Judge Olson joins the opinion.

Judge Murray files a dissenting opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2022