J-A02024-22

2022 PA Super 44

| MICHELE LOFTUS AND RICHARD LOFTUS, HER HUSBAND | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KATRINA DECKER | : | No. 611 WDA 2021 |
| APPEAL OF: EASTERN ALLIANCE INSURANCE GROUP | : | |

Appeal from the Order Entered April 23, 2021
In the Court of Common Pleas of Indiana County
Civil Division at 11725 CD 2020

BEFORE:   OLSON, J., MURRAY, J., and PELLEGRINI, J.*

DISSENTING OPINION BY MURRAY, J.:                    **FILED: MARCH 10, 2022**

The Majority concludes "there [are] insufficient facts for an analysis to be made as to whether intervention is proper under Pa.R.C.P. 2327." Majority Opinion at 8.  Critically, the "insufficient facts" necessary to determine the propriety of intervention are the result of the trial court's failure to conduct a hearing on Appellant's petition to intervene, as required by Pa.R.C.P. 2329. On that basis, I am constrained to dissent.

Upon careful review, I would conclude Appellant has met the requirements for a collateral appeal pursuant to Pennsylvania Rule of Appellate Procedure 313(b).  Initially, the denial of intervention to protect

_____

* Retired Senior Judge assigned to the Superior Court.

subrogation rights is peripheral to the ultimate resolution of any claim Michele Loftus (Michele) and her husband, Richard Loftus (collectively, the Loftuses), file against the third-party tortfeasor, Katrina Decker. *See*, *e.g.*, *Bogdan*, 257 A.3d at 756 (concluding underwriter's right to intervene was peripheral to a declaratory judgment action that would resolve coverage issues).

Second, a workers' compensation carrier's right of subrogation is protected by statute. *See* 77 P.S. § 671 ("Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe…."). This Court has recognized that the right of a workers' compensation carrier to recover its statutory lien, from an award of money the employee receives in a civil suit, is too important to be denied review. *Gleason v. Alfred I. DuPont Hosp. for Children*, 260 A.3d 256, 261 (Pa. Super. 2021).

Third, the averments of Appellant's intervention petition, if credited, establish intervention is the only way to protect Appellant's subrogation rights. Appellant cannot enforce its subrogation rights in a separate action against Decker. *See Hartford Ins. Grp. ex rel. Chen*, 199 A.3d at 853 ("absent the injured employee's assignment or voluntary participation as a party plaintiff, the insurer may not enforce its Section 319 right to subrogation by filing an action directly against the tortfeasor"). Significantly, Appellant averred that its insured, Loftus, threatened to abandon their cause of action if Appellant did not accept less than its statutory lien, thereby defeating Appellant's

subrogation rights. Intervention Petition, 2/25/21, ¶ 21. Based on the Loftuses' threat, intervention is the only way for Appellant to its subrogation rights *in an existing cause of action*. Because Appellant has satisfied the three prongs of the collateral order doctrine, I would conclude the appeal is properly before us. ***See Bogdan***, ***supra***.

"[A] question of intervention is a matter within the sound discretion of the court below, and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review." ***Bogdan***, 257 A.3d at 757 (quoting ***Wilson v. State Farm Mut. Auto. Ins. Co.***, 517 A.2d 944, 947 (Pa. 1986) (citations and quotation marks omitted)).

The determination of who may intervene and when intervention may be prohibited is determined by Pennsylvania Rules of Civil Procedure 2327, 2328, and 2329. Rule 2327 provides, in relevant part:

> **[a]t any time during the pendency of an action**, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered[.]

Pa.R.C.P. 2327 (emphasis added). Rule 2328 provides, in relevant part, as follows:

> Application for leave to intervene shall be made by a petition in the form of and verified in the manner of a plaintiff's initial pleading in a civil action, setting forth the ground on which intervention is sought and a statement of the relief or the defense which the petitioner desires to demand or assert. The petitioner

shall attach to the petition a copy of any pleading which the petitioner will file in the action if permitted to intervene or shall state in the petition that the petitioner adopts by reference in whole or in part certain named pleadings or parts of pleadings already filed in the action.

Pa.R.C.P. 2328(1). Finally, Rule 2329 requires,

[u]pon the filing of the petition **and after hearing**, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused if

(1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

(2) the interest of the petitioner is already adequately represented; or

(3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa.R.C.P. 2329 (emphasis added). "In ruling on a petition to intervene, **the trial court is required to determine whether 'the allegations of the petition have been established'** and, assuming that they have, whether they demonstrate an interest sufficient to justify intervention." **Bogdan**, 257 A.3d at 757 (citation omitted, emphasis added).

There is no dispute Appellant filed its intervention petition during the "pendency" of the Loftuses' action against Decker. **See** Praecipe for Writ of Summons, 9/25/20; **see also** Pa.R.C.P. 1007(1) (providing an action may be commenced by a praecipe for writ of summons). The verified averments in Appellant's petition, if credited, support Appellant's intervention to protect its

- 4 -

interests. In particular, the petition detailed Appellant's subrogation rights under 77 P.S. § 671. *See* Intervention Petition, 2/25/21, ¶¶ 12-13. The petition averred Appellant notified the Loftuses and Decker of its lien, *id.* ¶ 15; the Loftuses have not accepted a settlement offer by Decker, *id.* ¶ 19; Decker has not served the Loftuses with a rule to file complaint, *id.* ¶ 20; and most importantly, **the Loftuses threatened to abandon the action, should Appellant refuse to accept less than its statutory lien rights**, *id.* ¶ 21.

Here, the trial court failed to conduct the hearing required by Pa.R.C.P. 2329; accordingly, the validity of the verified facts alleged in Appellant's petition could not be established. Without a hearing and findings regarding the verified facts averred in Appellant's petition, the propriety of intervention cannot be determined. Consequently, I would conclude the trial court abused its discretion in denying Appellant's intervention petition without first conducting the hearing required by Rule 2329. *See* Pa.R.C.P. 2329.